FRANK BENCE, Adm'r of the Estate of Stanislava Bence, Deceased, Plaintiff-Appellant, *v.* CRAWFORD SAVINGS & LOAN ASSOCIATION, Defendant-Appellee.

First District (1st Division)   No. 79-191

Opinion filed January 7, 1980.

Sandman, Levy & Moltz, of Chicago (Kerry L. Kessler, of counsel), for appellant.

Kralovec, Marquard, Doyle, Gibbons & Fraterrigo, Chartered, of Chicago (Edward V. Scoby, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Crawford Savings & Loan Association (defendant) filed a motion to strike and dismiss the second amended complaint filed by Frank Bence, administrator of the estate of Stanislava Bence, deceased (plaintiff), in his action for wrongful death and bodily injuries. The cause was dismissed with prejudice and plaintiff appeals.

The second amended complaint alleged in count I: On February 12, 1976, plaintiff's wife went to defendant's premises to conduct business. The only access to defendant's premises was through an electric door buzzer system which was activated by one of defendant's employees. The system was used for screening persons presenting themselves at the

glass portion of the door so that their identities could be ascertained before admitting them. Plaintiff's wife presented herself at the door and was admitted. While she was in defendant's premises, two other persons were negligently admitted. These persons staged a holdup. The only exit from the premises was through the electronically operated door, which required that the door buzzer system be activated by an employee of defendant. When the robbers attempted to leave the premises, no employee activated the door buzzer system. The robbers panicked and fired shots, one of which killed plaintiff's wife.

Although count I made several allegations of claimed negligence, on oral argument it developed that the only claim of negligence was that the electronic door buzzer system required activation in order to leave the premises and that this fact created an unusual circumstance which imposed liability on defendant because no employee activated the buzzer system to allow the robbers to leave, causing them to panic and fire the shots which killed plaintiff's wife.

Count II adopted the allegations of count I and sought damages for injuries, pain and suffering and for medical expenses.

Defendant's motion to strike and dismiss alleged: that count I failed to state a cause for liability upon defendant for the intervening criminal act of felons; that it failed to allege any circumstances under which defendant, plaintiff's decedent or anyone else would know or have reason to know that the particular persons were intent upon the robbery of defendant or its customers or that those persons manifested such intent to commit a felony as to place defendant on notice that those felons were intent upon committing the crime; that it failed to state a cause of action merely by alleging that defendant did take certain security precautions of having an electrically operated latch on the glass front door which required patrons to be buzzed out as well as in; and that count II failed to state a cause of action for personal injury on assault by felons; any such action could only be brought under the Wrongful Death Act.

Plaintiff contends that the trial court improperly dismissed his action with prejudice. We disagree.

■■ To state a cause of action for negligence, the complaint must allege the breach of a duty owed by defendant to plaintiff. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 97, 306 N.E.2d 39.) The existence of a duty is a question of law to be determined by the court. (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535; *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 555, 328 N.E.2d 538.) If no duty is alleged, plaintiff's complaint is properly dismissed. *Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 969, 344 N.E.2d 536.

In *Altepeter v. Virgil State Bank* (1952), 345 Ill. App. 585, 104 N.E.2d 334, the court affirmed the dismissal of a complaint which sought

damages because plaintiff, a customer of a bank, had been shot by a robber during a holdup. The court stated (345 Ill. App. 585, 603):

"* * * The illegal act of the bank robber could not reasonably have been foreseen. An independent act of negligence or wilfulness by a third person is an occurrence which a defendant is not bound to anticipate. (*Noonan v. Sheridan*, 230 Ky. 162, 18 S.W.(2d) 976.) An owner of premises is not bound to anticipate the malicious or criminal acts of others by which damage is inflicted. (45 C. J. S., Neg., sec. 495.) It is only when the independent illegal act is of a nature which might have been anticipated by defendant and against which it was defendant's duty to provide that a defendant will be held to be liable."

In *Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39, an armed robber entered a currency exchange, put a pistol at the head of plaintiff's husband (Boyd) and told the teller (Murphy) that if she did not give him money or open the door he would kill Boyd. The teller did not comply with the demand. The robber shot and killed Boyd. In holding that plaintiff's complaint was properly dismissed for failure to state a cause of action, the court said (56 Ill. 2d 95, 97-98):

"It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff. (*Hamlin's Wizard Oil Co. v. United States Express Co.*, 265 Ill. 156.) The plaintiff contends that a business proprietor has a duty to his invitees to honor criminal demands when failure to do so would subject the invitees to an unreasonable risk. It is claimed that this duty arises from the relationship between a landowner and a business invitee.

It is the general rule in Illinois and other jurisdictions that a person has no duty to anticipate the criminal acts of third parties. (Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 33.) An exception to this rule exists, however, when criminal acts should reasonably have been foreseen. (*Neering v. Illinois Central R.R. Co.*, 383 Ill. 366.) *Neering*, and many of the other cases cited by the parties, involved the question of whether facts existed which should have alerted the defendant to a risk of harm to his invitees by criminals. (See *O'Brien v. Colonial Village, Inc.*, 119 Ill. App. 2d 105; *Stelloh v. Cottage 83*, 52 Ill. App. 2d 168; *Altepeter v. Virgil State Bank*, 345 Ill. App. 585; *Nigido v. First National Bank*, 264 Md. 702, 288 A.2d 127.) These cases are of little help here since our case presents a question of whether the defendant who is faced with an imminent criminal demand incurs liability by resisting, not whether he is negligent in failing to take precautions against a possible future crime."

The court then, after discussing cases from other jurisdictions and the Restatement of Torts, said (56 Ill. 2d 95, 99-100):

> "In *Lance v. Senior*, 36 Ill. 2d 516, this court noted that foreseeability alone does not result in the imposition of a duty. 'The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing the burden upon the defendant, must also be taken into account.' 36 Ill. 2d at 518.
>
> In the present case an analysis of those factors leads to the conclusion that no duty to accede to criminal demands should be imposed. The presence of guards and protective devices do not prevent armed robberies. The presence of armed guards would not have prevented the criminal in this case from either seizing the deceased and using him as a hostage or putting the gun to his head. Apparently nothing would have prevented the injury to the decedent except a complete acquiescence in the robber's demand, and whether acquiescence would have spared the decedent is, at best, speculative. We must also note that the demand of the criminal in this case was to give him the money or open the door. A compliance with this alternate demand would have, in turn, exposed the defendant Murphy to danger of bodily harm.
>
> If a duty is imposed on the Currency Exchange to comply with such a demand the same would only inure to the benefit of the criminal without affording the desired degree of assurance that compliance with the demand will reduce the risk to the invitee. In fact, the consequence of such a holding may well be to encourage the use of hostages for such purposes, thereby generally increasing the risk to invitees upon business premises. If a duty to comply exists, the occupier of the premises would have little choice in determining whether to comply with the criminal demand and surrender the money or to refuse the demand and be held liable in a civil action for damages brought by or on behalf of the hostage. The existence of this dilemma and knowledge of it by those who are disposed to commit such crimes will only grant to them additional leverage to enforce their criminal demands. The only persons who will clearly benefit from the imposition of such a duty are the criminals. In this particular case the result may appear to be harsh and unjust, but, for the protection of future business invitees, we cannot afford to extend to the criminal another weapon in his arsenal.
>
> For these reasons we hold that the defendants did not owe to the invitee Boyd a duty to comply with the demand of the criminal."

■■ The robbers in the case now before us wanted defendant's employees to activate the door buzzer to allow them to leave. The refusal of the employees to comply comes squarely within the *Boyd* case.

Plaintiff argues, however, that the robbers' conduct when they were unable to leave through the buzzer-controlled door was foreseeable and that defendant was therefore liable. The observations of the Supreme Court of New Jersey, in *Goldberg v. Housing Authority of the City of Newark* (1962), 38 N.J. 578, 583, 186 A.2d 291, 293, are pertinent:

> "The question whether a private party must provide protection for another is not solved merely by recourse to 'foreseeability.' Everyone can foresee the commission of crime virtually anywhere and at any time. If foreseeability itself gave rise to a duty to provide 'police' protection for others, every residential curtilage, every shop, every store, every manufacturing plant would have to be patrolled by the private arms of the owner. And since hijacking and attack upon occupants of motor vehicles are also foreseeable, it would be the duty of every motorist to provide armed protection for his passengers and the property of others. Of course, none of this is at all palatable.
>
> The question is not simply whether a criminal event is foreseeable, but whether a *duty* exists to take measures to guard against it. Whether a *duty* exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution."

■■ It would be unfair to impose liability here for the criminal acts of third persons because of the use of a buzzer-activated door for exit. Defendant was under no duty to deactivate the buzzer-controlled exit. There was no allegation of any prior robbery.

The trial court correctly dismissed the cause with prejudice.

Judgment affirmed.

McGLOON and CAMPBELL, JJ., concur.