**Todd C. JOY, et al.**

v.

**EASTERN MAINE MEDICAL CENTER, et al.**

Supreme Judicial Court of Maine.

Argued May 8, 1987.

Decided Aug. 25, 1987.

Martha J. Harris (orally), Paine, Lynch & Harris, Bangor, for Todd C. Joy, et al.

Steven J. Mogul (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for Eastern Maine Medical Center.

Michael D. Seitzinger, John C. Nivison (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for Gary Littlepage.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiffs, Todd C. Joy and Phyllis Baillargeon, appeal from a summary judgment entered in favor of defendants, Gary Littlepage, and Eastern Maine Medical Center, in Superior Court (Penobscot County). On appeal plaintiffs contend that the Superior Court erred in finding as a matter of law that a duty to warn did not extend to plaintiffs under the circumstances alleged in the complaint. We agree that the Superior Court was in error and accordingly we vacate the judgment.

Plaintiffs' complaint makes the following allegations: On August 23, 1983, plaintiff Todd Joy, while driving a motorcycle, was involved in a collision with a motor vehicle operated by defendant Charles Marston and sustained personal injuries.[1] In addi-

---

1. Plaintiff Baillargeon, the mother of Todd Joy, joins in the complaint seeking recovery for medical expenses and nursing care.

tion to alleging negligence on the part of Marston, the complaint alleges that Joy's injuries were proximately caused by the negligence of Eastern Maine Medical Center ("EMMC") and an emergency room physician, Gary Littlepage. Specifically, the plaintiffs allege that just prior to the accident Marston had been treated for an eye abrasion at the EMMC emergency room by Littlepage. The treatment included placing an eye patch over one of Marston's eyes. It is alleged that defendants EMMC and Littlepage negligently failed to warn Marston that he should not drive while wearing the eye patch.

Defendants EMMC and Littlepage filed a motion for summary judgment on the ground that defendants had no duty to warn of such an obvious and apparent danger. Strictly on the basis of the allegations in plaintiffs' complaint,[2] the Superior Court held that any duty to warn did not extend to Joy and granted summary judgment in favor of the defendants.[3]

■ The implicit assumption in the ruling of the Superior Court is that although the hospital and physician may have a duty to warn the patient for his own safety, such a duty does not extend to a person who may be injured by the patient. We find no support in the law for such a rigid conception of duty. Duty is "a question of whether the defendant is under any obligation for the benefit of the particular plaintiff." W.L. Prosser, *Law of Torts* § 53 (4th ed.1971). Whether one party owes a duty of care to another is a matter of law. *Turner v. Grier,* 43 Colo.App. 395, 608 P.2d 356, 358 (1980); *Bence v. Crawford Savings & Loan Association,* 80 Ill. App.3d 491, 492–93, 35 Ill.Dec. 902, 903, 400 N.E.2d 39, 40 (1980); *Donahue v. Copiaque Union Free School District,* 64 A.D.2d 29, 32–33, 407 N.Y.S.2d 874, 877 (1978).

■ Several jurisdictions have allowed a cause of action against a physician for injuries to a third party caused by a patient who had been negligently treated. In *Gooden v. Tips,* 651 S.W.2d 364 (Tex.Ct.App. 1983), the plaintiffs were struck by a car driven by a woman under the influence of a drug called Quaalude, which was prescribed for her by the defendant physician. Plaintiff alleged that the doctor failed to warn her not to drive while taking the drug. The Court of Appeals of Texas overturned the trial court's summary judgment and held that "under proper facts, a physician can owe a duty to use reasonable care to protect the driving public where the physician's negligence in diagnosis or treatment of his patient contributes to plaintiff's injuries." *Id.* at 369. The court found that the harm to the plaintiff was a reasonably forseeable consequence of failing to warn the patient not to drive and that the doctor was under a duty to reduce the likelihood of injury to motorists. *Id.* at 370. In *Freese v. Lemmon,* 210 N.W.2d 576 (Iowa 1973), a plaintiff pedestrian was injured by a driver who suffered a seizure and hit her when his vehicle went off the road. The complaint alleged that the physician knew that the driver suffered an earlier seizure and negligently failed to diagnose the cause and then warn him not to drive. The Iowa Supreme Court overturned the trial court's order dismissing the complaint. The Court stated that it could not be said with certainty that the plaintiff failed to state a claim upon which relief could be granted. In *Wharton Transport Corp. v. Bridges,* 606 S.W.2d 521 (Tenn.1980), a truck driver employed by the plaintiff was in a traffic accident in which he injured several people. The plaintiff settled with the injured parties and then sued the doctor for indemnification alleging that he negligently failed to diag-

---

**2.** Both plaintiffs and defendants filed an affidavit in connection with the motion. The Superior Court found both affidavits insufficient and gave them no consideration. Because the court considered no matter outside the pleadings, it is appropriate to analyze the court's action as a dismissal for failure to state a claim. M.R. Civ.P. 12(b)(6).

**3.** The claim against defendant Marston and EMMC's counterclaim against plaintiffs for money owed for medical services were not disposed of by the court's judgment. The Superior Court, however, found that there was no just reason for delay and entered final judgment in accordance with M.R.Civ.P. 54(b).

nose the driver's injuries and warn him not to drive. The Tennessee Supreme Court reversed the directed verdict finding that

> the duty owed was to conduct a pre-employment physical examination in accord with the recognized standard of acceptable professional practice in the medical profession and the specialty thereof, if any, prevailing in the community in which he practiced. In our opinion, it was reasonably foreseeable that, if an examination fell below that standard and resulted in certifying an unfit person as physically qualified to drive a commercial vehicle, the probable consequences would be a highway accident causing loss or injury to a third party or parties.

*Id.* at 528. In *Kaiser v. Suburban Transportation System,* 65 Wash.2d 461, 398 P.2d 14 (1965), the plaintiff was injured while a passenger on a bus when the bus driver lost consciousness and the bus struck a utility pole. The driver's loss of consciousness was attributed to the side effects of a drug (pyribenzamine). The plaintiff alleged that the doctor failed to warn the driver not to operate a motor vehicle while taking the medication. The Washington Supreme Court found that there was sufficient evidence to submit the issue of the doctor's negligence to the jury. Although factually confined to the administration of prescription drugs or a negligent diagnosis, the foregoing cases support the general requirement that when a doctor knows, or reasonably should know that his patient's ability to drive has been affected, he has a duty to the driving public as well as to the patient to warn his patient of that fact. We adopt the rationale of those cases and conclude that the Superior Court erred in finding that plaintiffs' complaint failed to set forth a claim upon which relief could be granted.

Alternatively, defendants argue that even though there may be a duty to warn in the abstract, there is no duty to warn of the obvious perils associated with wearing an eye patch. The "obvious" nature of the particular peril that may have caused this accident is a factual determination to be decided by the jury in fixing the standard of reasonable conduct under the circumstances. *See Seiders v. Testa,* 464 A.2d 933, 935 (Me.1985). Although it is clear that an eye patch eliminates the use of one eye, we cannot assume that the patient must have known that his driving would be materially affected. It is possible that the accident resulted from some effect of the eye patch known to the physician, but unknown to the patient. The fact-finder should be allowed to decide whether defendants exercised reasonable care in connection with their treatment of Marston. We cannot hold as a matter of law that defendants did not have a duty to warn Marston under any circumstances.

Accordingly, the entry must be:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.