**Thomas E. and Lavada R. YOUNG, Kathie Marie Young, and Joseph Daniel Smith, Plaintiffs/Appellants,**

v.

**Harry Lee WADSWORTH, M.D., and St. Louis Medical Clinic, P.C., Defendants/Respondents.**

No. 68434.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 27, 1996.

James B. Herd, Matthew J. Sauter, Deeba Sauter Herd, St. Louis, for appellants.

John G. Doyen, David G. Ott, Aaron I. Mandel, Brinker, Doyen & Kovacs, P.C., Clayton, for respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from the action of the trial court in granting defendants' motion to dismiss plaintiffs' amended petition for damages. We affirm.

We set forth the pertinent allegations of plaintiffs' petition. William Greenblatt consulted Dr. Wadsworth at St. Louis Medical Clinic on July 10, 1992. He gave a history of recent complaints of light headedness, nausea, and vomiting, episodes of shakings and tremors, that he had experienced a "near" blackout while driving his vehicle approximately six weeks prior to consulting Dr. Wadsworth, and on July 9 he had an "acute blackout and fainting spell" while using a telephone at his residence. Based upon the history given and an examination, Dr. Wadsworth diagnosed syncope [1] of unknown etiology which included a combination of low blood sugar, cardiac and/or neurological disorders, thyroid disease, depression, anxiety and situational distress. He prescribed Xanax for Greenblatt's use, recommended that he increase his meals to six per day, outfitted him with a Holter Monitor to monitor his heart rhythms, and encouraged Greenblatt to go about his normal activities. Xanax is a medicine commonly prescribed for the treatment of depression and anxiety with known medical side effects of drowsiness or light headedness. There is no allegation that Greenblatt had filled the prescription or had taken the Xanax and in their reply brief plaintiffs concede that they have no evidence that Greenblatt had taken Xanax at the time of the accident. Sometime that afternoon, after leaving the doctor's office Greenblatt, while driving on Highway 30 suffered a blackout spell causing him to crash into a vehicle operated by Connie Morgan, and occupied by Kathie Young and Joseph Smith. Morgan was killed and Young and Smith were injured. This suit for damages for Morgan's wrongful death and Young and Smith's injuries followed.

Plaintiffs premise Dr. Wadsworth's liability on his failure to warn Greenblatt not to drive in his physical condition and while taking Xanax. The concession in plaintiffs' reply brief effectively removes the Xanax from the case.

The parties discuss at length the issue of defendant's duty to plaintiffs as general members of the public and not as specifically identified potential victims. We do not consider it necessary to address the somewhat fluid area of the law involving the duty of a professional to persons other than clients or patients for negligence in failing to preclude injury to those parties. See *Donahue v. Shughart, Thomson and Kilroy*, 900 S.W.2d 624 (Mo. banc 1995); *Aluma Kraft Manufacturing Company v. Elmer Fox & Company*, 493 S.W.2d 378 (Mo.App.1973); *Sherrill v. Wilson*, 653 S.W.2d 661 (Mo. banc 1983); *Matt v. Burrell, Inc.*, 892 S.W.2d 796 (Mo. App.1995).

We address instead the interwoven aspects of duty to warn Greenblatt and proximate cause. The only claim of negligence is that Dr. Wadsworth failed to warn Greenblatt not to drive a car. There is no allegation that Greenblatt was of other than normal intelligence. Greenblatt had two prior episodes of blackouts, one while operating a motor vehicle and one the day before he saw Dr. Wadsworth. He reported both of these episodes to Dr. Wadsworth so the doctor knew that Greenblatt was aware of the blackouts. It is common knowledge based on common sense that a person subject to sudden unexpected blackouts should not operate a motor vehicle. The cause of the accident was the action of Greenblatt in operating his vehicle when he was subject to blackouts and he knew he was subject to blackouts. There is no duty or need to warn of dangers which are open and obvious or which are commonly known. *Grady v. American Optical Corporation*, 702 S.W.2d 911 (Mo.App.1985) [1]; *Duke v. Gulf & Western Manufacturing Co.*, 660 S.W.2d 404 (Mo.App.1983) [21, 22]; *Richardson v. Holland*, 741 S.W.2d 751 (Mo.App.

1. A swoon or fainting, a sudden fall of blood pressure or failure of the cardiac systole, resulting in cerebral anemia and more or less complete loss of consciousness. *Stedman's Medical Dictionary*, 20th Edition.

1988) l.c. 754. The failure to so warn is not the proximate cause of a subsequent injury.

Plaintiffs rely upon a series of cases from other jurisdictions by which we are not bound. Those cases involve one of three situations. (1) The doctor created the condition and failed to warn an unknowing patient, as for example prescribing drugs which cause drowsiness. *Gooden v. Tips,* 651 S.W.2d 364 (Tex.App.1983); *Joy v. Eastern Maine Medical Center,* 529 A.2d 1364 (Maine 1987); *Kaiser v. Suburban Transportation System,* 398 P.2d 14 (Wash.1965). (2) The doctor was aware of a physical condition likely to result in an accident that the patient was unaware of and failed to warn. *Myers v. Quesenberry,* 144, Cal.App.3d 888, 193 Cal.Rptr. 733 (1983). (3) The doctor affirmatively advised a patient to operate an automobile where the patient's condition rendered such operation dangerous. *Freese v. Lemmon,* 210 N.W.2d 576 (Iowa 1973). Even if we found those cases persuasive, none of those situations is present here.

Judgment affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.