STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-207

2008 JAN 22 A 8: 03  TDW-CUM-1/22/2008

LISA SHIERS, as Personal Representative
of the Estate of ELEANOR D. DRESSER,

    Plaintiff,

v.

MAINE MEDICAL CENTER,

    Defendant.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

FEB 15 2008

Before the court is a motion by defendant Maine Medical Center (MMC) for a partial summary judgment dismissing that portion of plaintiff's claim which seeks contribution for amounts paid by the Estate of Eleanor Dresser in settlement of a claim brought against the Estate by Wayne and Brenda Edgecomb.

Although the claim for contribution is contained in Count III of the complaint in this action and is brought in the name of Eleanor Dresser's Estate, the Estate is separately represented with respect to Count III, and there is no real dispute that the real party on Count III is Middlesex Mutual Assurance Company, which was Eleanor Dresser's insurer and which paid $265,000 to settle the Edgecomb's personal injury lawsuit.[1]  Accordingly, the court will treat Middlesex as the real party in interest on Count III.[2]

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  In considering a motion for summary judgment, the court is required to consider only the portions of the

---

[1]  In fact, the opposition to MMC's motion for partial summary judgment has been filed in the name of "plaintiff Middlesex Mutual Assurance Co." even though Middlesex is not actually a named party in the complaint.

[2]  See M.R.Civ.P. 7(a).

record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case – for purposes of summary judgment – there are no disputes as to material facts. Eleanor Dresser was seen at MMC for complaints related to what appeared to be a fainting episode on January 12, 2003. She was examined at MMC and released, and there is a dispute both as to whether MMC's diagnosis and treatment constituted professional negligence and as to whether Ms. Dresser was given any warnings against driving. For purposes of the instant motion, MMC is arguing that it is entitled to summary judgment dismissing Count III even if it is assumed that Ms. Dresser was negligently diagnosed and treated and was not given appropriate warnings as to driving.

Several days later Ms. Dresser lost consciousness while driving and was involved in an accident with the Edgecombs. The Edgecombs eventually brought suit against Ms. Dresser's Estate. They did not sue MMC. Ms. Dresser's Estate also did not joint MMC as a third party defendant. The Estate finally settled all of the Edgecombs' claims in the summer of 2005, and Middlesex ultimately paid them a total of $265,000 in exchange for the release of the Edgecombs' claims against the Estate of Eleanor Dresser. In exchange for this amount, the Edgecombs released all of their claims against the Estate of Eleanor Dresser. No release was sought or obtained on behalf of MMC.

Discussion

Many of the issues raised by Middlesex's claim in this action pose interesting questions that have never been answered under Maine law. Because the Estate and Middlesex never brought a third party claim against MMC in connection with the Edgecombs' suit and MMC was not a party to the Edgecombs' lawsuit, MMC is not bound by any settlement between Middlesex and the Edgecombs. Nevertheless, Middlesex argues on the instant motion that MMC has the burden of showing that the settlement was unreasonable. The court cannot accept this position. Middlesex undoubtedly had a right to seek contribution. MMC's right to defend that claim, however, cannot be compromised as a result of Middlesex's failure to file a third party claim at a time when that would have ensured in an overall resolution of all issues relating to liability, damages, and relative responsibility (if any) for the Edgecombs' claim.

1.    Failure to Extinguish MMC's Liability in Edgecomb Settlement

MMC argues that under Restatement (Third) of Torts – Apportionment of Liability § 23 (2000), a prerequisite for the pursuit of a claim for contribution is that the person "seeking contribution must extinguish the liability of the person against whom contribution is sought for that portion of liability, either by settlement with the plaintiff or by satisfaction of judgment." Restatement (Third) § 23, Comment b. In this case Middlesex and/or the Estate did not extinguish MMC's potential liability to the Edgecombs. If extinguishing that liability is a prerequisite, Middlesex cannot proceed with Count III.

3

Middlesex makes two arguments in response. The first is that comment b to Restatement (Third) Torts – Apportionment of Liability should not be applied here.[3] The court nevertheless concludes that Maine would follow Restatement § 23, comment b, which is reiterated in a cross reference in comment d to § 24.

Middlesex's second argument is that, while it did not extinguish MMC's potential liability to the Edgecombs at the time of the 2005 settlement, the statute of limitations has since run on any claims the Edgecombs might have brought against MMC. Accordingly, Middlesex argues, the requirement that MMC's liability to the Edgecombs should have been extinguished should now be excused. Legitimate arguments can be made on both sides of this issue. As Middlesex points out, the rule requiring it to have extinguished MMC's liability at the time of the settlement no longer serves a purpose. On the other hand, as MMC points out, to accept Middlesex's argument would mean that although Middlesex did not preserve its right of contribution at the time of the Edgecomb settlement in 2005, that right nevertheless sprang back into existence in January of 2006 when the statute of limitations applicable to the Edgecombs' claim against MMC expired. This would be anomalous to say the least.

In the court's view, MMC has the better of this argument. This is true for two reasons. First, while the parties appear to agree that the three-year statute under the Health Security Act applies in this case, that statute would not apply in other post-

---

[3] Middlesex argues that the rule set forth in comment b only applies where a state has adopted the Uniform Contribution Among Tortfeasors Act and quotes comment b as citing to that Act. However, the copy of Restatement (Third) of Torts – Apportionment of Liability § 23 comment b (2000) that is in the Cleaves Law Library does not contain any reference to the Uniform Contribution among Tortfeasors Act. *See id.* p. 284. Nor does Middlesex explain why Maine's rule should be different from that of a state which has enacted the Uniform Act.

4

settlement contribution actions.[4] In cases where a six year statute applied, the court, as a matter of policy, cannot justify a rule of law that would give an incentive to a party seeking contribution who did not extinguish the liability of an alleged joint tortfeasor to wait and commence suit years later when the statute of limitations expired – after memories have faded and proof problems (particularly for a party not anticipating a claim) have increased.

Second, as noted above, Middlesex and/or the Estate could have solved this problem by involving MMC as a third party defendant in the Edgecombs' suit. The court sees no reason to reward them for failing to do so, and therefore would strictly apply comment b of Restatement § 23 in this case.

For this reason, MMC is entitled to summary judgment dismissing Count III of the complaint. The other issues raised on the motions are issues of considerable perplexity, and the court does not reach those issues at this time.[5]

---

[4] One illustrative example would involve a motorist who strikes a pedestrian, settles with the pedestrian, and then brings suit for contribution from a second motorist whose allegedly negligent behavior caused the first motorist to swerve into the pedestrian.

[5] Because the court and the parties have struggled with these issues, the court will make a few observations. First with respect to MMC's argument that it did not owe any duty to the Edgecombs, the court would be inclined to reconcile the Law Court's decisions in *Joy v. Eastern Maine Medical Center*, 529 A.2d 1364 (Me. 1987), and *Flanders v. Cooper*, 1998 ME 28, 706 A.2d 589, by holding that MMC did not have a duty to the Edgecombs with respect to any of its diagnosis and treatment decisions (whether correct or incorrect) but it did have a duty to the Edgecombs with respect to the specific instructions it gave (or did not give) Eleanor Dresser with respect to driving. On this theory, Middlesex could pursue a claim of negligence with respect to the giving of warnings as to driving, but could not challenge any diagnosis or treatment decisions – matters which are between doctor and patient.

The remaining dispute between the parties involves the method of proving liability for contribution in the event of a settlement. This too is a perplexing issue. Under Restatement (Third) of Torts - Apportionment of Liability § 23 comment h, Middlesex would not have to prove that the Estate would have been found liable to the Edgecombs so long as it was reasonable for the Estate to settle. As to the decision to settle, this makes sense. Before it could recover from MMC, Middlesex would still have to prove that MMC would have been liable to the Edgecombs. If MMC would have been liable to the Edgecombs, it is fair to make MMC contribute to the settlement.

In the court's view, however, different considerations may apply with respect to the amount of a settlement. This is because a settlement that is overly generous could still pass the relatively low standard of "reasonableness." However, this would be unfair to the party from

The entry shall be:

Defendant's motion for partial summary judgment dismissing Count III of the complaint is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    January _/8_, 2008

_____

Thomas D. Warren
Justice, Superior Court

---

whom contribution is later sought. Since that party was not involved in the lawsuit, it should not logically be bound by the outcome of that lawsuit or by a settlement it never agreed to. See, e.g., Martin v. Wilks, 490 U.S. 755, 761-62 (1989)

The problem, as the court sees it, is that much of the law in this area is derived from cases in which there was an insured-insurer relationship between the party seeking contribution and the party from whom contribution is sought. In a case where an insurance relationship existed, it makes sense to allow contribution to be sought from the insurer for its share of any reasonable settlement. On the other hand, in a case where contribution is sought from an unrelated party after the fact, there is a substantial question whether the party from whom contribution is sought should be bound by the amount of any settlement that can in retrospect be justified as "reasonable." The liability of the party against whom contribution is sought would presumably be capped by the amount of the settlement, multiplied by the contributing party's percentage of liability. Nevertheless, it is difficult to understand why the contributing party should not have an independent right to litigate the amount of damages if it contends the settlement amount significantly exceeded the amount that should have been awarded.

These issues, as far as the court can tell, are entirely unresolved under Maine law but significantly affect the issues of what kind of proof (expert or otherwise) should be offered to support the reasonableness of a settlement and to what extent a party seeking contribution should be required to re-prove the underlying case.

6

PETER RUBIN ESQ
PO BOX 9729
PORTLAND ME 04104

*Plaintiff*

MARK LAVOIE ESQ
PO BOX 4600
PORTLAND ME 04112

*Defendant*

WILLIAM NUGENT ESQ
PO BOX 4811
PORTLAND ME 04112

*Ambrose*

F COURTS
and County
3ox 287
ine 04112-0287

PETER RUBIN ESQ
PO BOX 9729
PORTLAND ME 04104

*Plaintiff*

'F COURTS
and County
3ox 287
ine 04112-0287

MARK LAVOIE ESQ
PO BOX 4600
PORTLAND ME 04112

*Defendant*

ine 04112-0287

WILLIAM NUGENT ESQ
PO BOX 4811
PORTLAND ME 04112

*Ambrose*