ROBERT S. VASTOLA *v.* CONNECTICUT PROTECTIVE SYSTEM, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 3—decided May 15, 1946

*Bernard P. Kopkind* and *John J. Mezzanotte,* with whom, on the brief, was *Clarence A. Hadden,* for the appellant (defendant).

*Samuel H. Platcow,* for the appellee (plaintiff).

ELLS, J.   The defendant had installed a burglar alarm system in the plaintiff's restaurant premises. During the early morning hours of May 23, 1944, after the restaurant had been securely locked and the alarm set, the premises were burglarized and the sum of $406.81 in cash was taken therefrom. Entrance was effected through a skylight which had been wired by the defendant as part of the system installed by it.   Cleats or slats to which cross wires were attached were loosened and removed from the side of the well, so that a space large enough to permit entry was effected without breaking or touching the wires, and, consequently, the alarm bell over the front entrance did not ring.   The plaintiff brought this action to recover damages for the loss which he sustained by the theft of money from the restaurant.   The trial court concluded that the defendant was negligent in the installation of the system and that its negligence was a substantial factor

in causing the loss sustained by the plaintiff. The defendant has appealed.

Error is not assigned as to the court's conclusion that the defendant was negligent. The claim is that the facts found do not support the conclusion that the failure of the bell to ring was the proximate cause of the loss. Toward the end of the finding of subordinate facts, the court found that "As a result of the improper installation of said burglar alarm system by the defendant company the plaintiff sustained a loss of $406.81." This is not a finding of a subordinate fact, however, but is a conclusion of fact, and it cannot stand unless the subordinate facts found reasonably and logically support it. Conn. App. Proc. § 96; *Bown* v. *Waterbury Battery Co.,* 129 Conn. 44, 47, 26 A.2d 467, and cases cited.

The finding that the negligence of the defendant was the proximate cause of the loss must stand unless a causal relation between that negligence and the plaintiff's injuries cannot reasonably be found. *DeMunda* v. *Loomis,* 127 Conn. 313, 315, 16 A.2d 578; *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 196, 147 A. 762. The only facts found by the trial court from which it might infer such a causal relation are that the restaurant premises are located in a thickly populated residence and business area in New Haven and that the building in which the restaurant is located contains six apartments, which were fully occupied. The question is not whether there could be a causal relationship between the failure of the bell to ring, caused by the defendant's negligence, and the burglary, which directly caused the loss, but whether the meager facts found in this particular case reasonably support an inference that the defendant's negligence was a proximate cause of the loss by burglary. The plaintiff was bound to re-

move the issue of proximate cause from the realm of speculation by establishing facts affording a logical basis for the inferences which he claims. *Genishevsky* v. *Fishbone,* 109 Conn. 58, 60, 145 A. 54. The inferences which might be drawn from the facts contained in this finding are highly speculative. It is a reasonable inference that someone would have heard the bell if it had rung. Beyond that, it cannot be known what would have happened. We may speculate whether the hearer would have known that it was a burglar alarm, whether he would have ventured to interfere, whether he would have succeeded in frightening away the intruder in time to prevent the larceny, and whether he would have summoned the police in time to capture or frighten away the burglar. There is no finding that there were people in the street at this early morning hour, that there was a police officer on patrol in the neighborhood, or that there was a police station in the vicinity. We conclude that for the court to have found proximate cause upon the facts contained in the finding would be to find it upon no more substantial basis than a surmise or conjecture. This the law will not permit. *Donovan* v. *Connecticut Co.,* 84 Conn. 531, 535, 80 A. 779.

The defendant's undertaking was to install a proper burglar alarm system which would, under the circumstances of this case, cause a bell over the entrance door to ring. It did not agree to afford further protection. In *Nirdlinger* v. *American District Telegraph Co.,* 245 Pa. 453, 91 A. 883, a similar action for damages caused by the defendant's negligence, the defendant undertook to equip the plaintiff's house with a burglar alarm and to protect it from burglarious entry by the dispatch of guards thereto when warned by automatic signals. One of

the issues discussed is whether a ringing of the alarm would have prevented the loss. The court said (p. 460) : "But this is pure speculation. Whether that would have been the result had the apparatus been in working order can never be known. It would depend upon contingencies without number, any one of which would have been sufficient to disappoint it. Certainly there is nothing in the case from which a legal inference could be derived that the loss would have been averted had the electrical alarm been in order." See also *Libby, McNeill & Libby* v. *Illinois District Telegraph Co.*, 294 Ill. App. 93, 13 N.E.2d 683.

The result we have reached makes it unnecessary to discuss the other issues raised in the appeal.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.