**Deborah HOWE**

v.

**Robert STUBBS, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1990.

Decided Feb. 26, 1990.

William N. Ferm (orally), Ferm & McSweeney, Ellsworth, for plaintiff.

Paul F. Macri (orally), Steven D. Silin, Berman, Simmons & Goldberg, Lewiston, for Robert and Sharon Stubbs.

William C. Nugent (orally), Hunt, Thompson & Bowie, Portland, for Kennebec Wine & Cheese Shop.

Before ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

The plaintiff, Deborah Howe, appeals from a grant of summary judgment (Kennebec County, *Brody J.*) to defendants Kennebec Wine and Cheese Co. and Robert and Sharon Stubbs in an action for their negligent failure to protect Howe, a customer at Kennebec Wine and Cheese, from a vehicle that crashed into the store and for their failure to warn her of the risk of injury from such accidents. We affirm.

Howe was seriously injured in July 1981 in Hallowell while she stood just inside the entrance to a building owned by the Stubbs, part of which was leased by Kennebec Wine and Cheese. A motorist's brakes failed on a hill opposite the store. The vehicle came down the hill, across the street and crashed into the granite steps and the foyer where Howe was standing. Three similar accidents had occurred over the last twenty-five years at this location.

▪▪▪ Whether the defendants had a duty to warn Howe of the possibility of such an accident or to provide barriers to protect her is a matter of law. *See Joy v. Eastern Maine Medical Center*, 529 A.2d 1364, 1365 (Me.1987). Duty has been defined as "an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another." *Prosser and Keaton on Torts* § 53, at 356 (5th ed. 1984). We recognize the general duty of a business proprietor to exercise reasonable care to prevent injury to business invitees. *Restatement (Second) of Torts* Section 314A(3) (1965). In certain circumstances that duty may extend to warning of or protection from a danger that originates from third persons outside the business premises. *Id.* Section 344. We conclude, however, that the circumstances in the present case did not impose on these defendants a duty either to

warn of or to protect from the errant vehicle that injured Howe.

The entry is:

Judgment affirmed.

All concurring.