**Gretchen FISH, Individually and as Representative of the Estate of Mark Colvin**

v.

**John and Claire PAUL, d/b/a Horseshoe Motel, et al.**

Supreme Judicial Court of Maine.

Argued March 8, 1990.
Reargued April 26, 1990.
Decided May 31, 1990.

William B. Devoe (orally), Eaton, Peabody, Bradford & Veague, P.A., Bangor, for plaintiff.

Gerald F. Petruccelli (orally), Petruccelli, Cox & Martin, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY* and COLLINS, JJ.

ROBERTS, Justice.

Gretchen Fish, individually and as personal representative of the estate of her son, Mark Colvin, appeals the dismissal by

---

* Hornby, J. sat at oral argument and reargument and participated in the conferences but resigned before this opinion was adopted.

the Superior Court (Penobscot County, *Beaulieu, J.*) of her complaint for failure to state a claim against defendants John and Claire Paul, d/b/a Horseshoe Motel. M.R. Civ.P. 12(b)(6). Fish argues that the Pauls are liable for their failure to help Colvin, a guest who became ill at their motel. Because the undisputed facts do not give rise to a duty to act on the part of the Pauls, we affirm the judgment.

The plaintiff alleges the following: On August 13, 1987, Colvin, who was 18 at the time, travelled with two companions, Steven Fahsel and Frederick Wood, from Bangor to Old Orchard Beach to attend a concert. After the concert, the three rented a room in Saco at the Horseshoe Motel, owned by the Pauls. During the night the three drank a substantial quantity of alcohol. The next morning an employee of the motel saw Fahsel and Wood carrying Colvin, who was semiconscious, to a waiting car. After placing Colvin in the rear seat, Fahsel and Wood started back toward Bangor. On I–95 near Etna, the car overheated and stopped. A police officer stopped and called an ambulance for Colvin, but he was pronounced dead on arrival at St. Joseph's Hospital in Bangor. The complaint sought compensatory damages for Colvin's conscious pain and suffering, plaintiff's loss of companionship, pecuniary loss, medical and funeral expenses and punitive damages for actual or implied malice.

The court dismissed all counts against the Pauls on the basis that Maine has not recognized a duty of an innkeeper to aid a guest and, even if such a duty were recognized, the Pauls were entitled to assume that Colvin's friends were attending him. Whether one party owes a duty of care to another is a matter of law. *Joy v. Eastern Maine Medical Center*, 529 A.2d 1364, 1365 (Me.1987). We have recognized the general duty of a business proprietor to exercise reasonable care to prevent injury to business invitees. *Howe v. Stubbs*, 570 A.2d 1203 (Me.1990). We also recognize that in certain circumstances the relationship between a guest and an innkeeper may give rise to a duty to render aid in case of illness or injury. *Restatement (Second) of Torts*, § 314A(2) (1965).

Comment f to Section 314A, however, provides an explanation of the limits of this duty. The Comment states that the innkeeper "is not required to give any aid to one who is in the hands of apparently competent persons who have taken charge of him, or whose friends are present and apparently in a position to give him all necessary assistance." The defendants contend that 1) the guest-innkeeper relationship had ended when Fahsel and Wood were seen carrying Colvin and 2) the presence of Colvin's friends already rendering aid relieves the motel of any obligation to do so. *See Restatement (Second) of Torts*, § 314A, comments c and f. We find the defendants' argument persuasive even though based on the pleadings alone. The plaintiff has not asked for an opportunity to amend, but only for an evaluation by a jury of the facts alleged. We conclude that the facts alleged are not sufficient to state a claim against the Pauls.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and GLASSMAN, and COLLINS, JJ., concurring.

CLIFFORD, Justice, with whom WATHEN, Justice, joins, concurring.

I concur in the result reached by the court, but I would delay decision on whether to adopt section 314A(2) of the *Restatement (Second) of Torts* until presented with a case that falls within its provisions.