[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 11430
This appears to be case of first impression in Connecticut at least as to the factual situation involved herein.
 FACTS AND PROCEDURE
The plaintiffs allege that in May, 1994 they contracted with the defendant for the installation and monitoring of a security system for their residence in Marlborough, Connecticut. It is alleged by the plaintiffs that the security system was improperly hooked up and was not properly functioning. It is further alleged that on February 27, 1995 their residence was burglarized, that the illegal entry was not detected by the security system, and it failed to signal an alarm for law enforcement response, thereby causing $6,800 injewelry to be stolen.
This action has been brought in two counts. Count one is in negligence, and count two is in breach of contract. This court has orally, granted summary judgment as to count one based upon the fact that the statute of limitations had expired in favor of the defendant as to the negligence claim when the suit was uninstituted on or about February 18, 1998. That oral granting of summary judgment to the defendant on the first count is hereby ratified and reaffirmed.
As for the second count, breach of contract, the defendant has moved for summary judgment claiming as follows:
 1. There is a liquidated damages clause in the contract which limits a judgment to a sum equal to the total of 1/2 year's monitoring payments or five hundred dollars, whichever is lesser, "as liquidated damages and not as a penalty." Defendant claims that 1/2 of the year's monitoring payments amounts to $198.44.
 2. As a matter of law, the failure of an alarm system is not the proximate cause of damages allegedly sustained as a result of the theft and relies on the case of Vastola v. Connecticut Protective System, Inc., 133 Conn. 18 (1946).
Plaintiff has countered with a brief in opposition to these two claims and has added the claim that Beth Wyer, the wife of George Wyer, was not a signatory to the contract, and, therefore, CT Page 11431 cannot be held liable for the liquidated damages defense.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v.Graham, 161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffe v. New York, New Haven and H.R.Company, 160 Conn. 482, 488 (1971). The test has been said as one "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. [T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v.Gray, 26 Conn. App. 293, 296-97 (1991).
 ISSUES 1. The claim by the plaintiffs that the plaintiff, Beth Wyer, did not sign the contract and, therefore, is not bound by the liquidated damages section of the contract is without merit. It is inconsistent for that plaintiff to claim the breach of a contract to which she claims she is not bound by a portion thereof because she did not sign the contract. No claim has been made as to a third party beneficiary, and even if it had been made, it is clear that by claiming that she is not bound by the liquidated damages clause because she did not sign the contract she is denying that she is a part of the contract in any way. Hence, she cannot claim the benefits of a contract and at the same time deny those provisions that are unfavorable to her.
 2. This court finds that the case of Vastola v. Connecticut Protective System, Inc., 133 Conn. 18 (1946) is not conclusive as to the facts of this case. Vastola overturned the finding by the trial court on behalf of the plaintiff because the trial court had decided by inference and/or CT Page 11432 speculation that the damages were proximately caused by the breach of contract. The court stated, in pertinent part, on page 21, that:
 "It is a reasonable inference that someone would have heard the bell if it had rung. Beyond that, it cannot be known what would have happened. We may speculate whether the hearer would have known that it was a burglar alarm, whether he would have ventured to interfere, whether he would have succeeded in frightening away the intruder in time to prevent the larceny, and whether he would have summoned the police in time to capture or frighten away the burglar."
However, although the Supreme Court found that the "meager facts found in this particular case" did not reasonably support an inference that the defendant's negligence was a proximate cause of the loss by burglary, the court did leave open the possibility of a finding of proximate cause based on a different set of facts. It said, also on page 21:
 "There is no finding that there were people in the street at this early morning hour, that there was a police officer on patrol in the neighborhood, or that there was a police station in the vicinity."
In the case at bar, by affidavit of June 10, 1999, by the plaintiff, George Wyer, it is clear that there were more substantial facts on which to rely for probable cause than in theVastola case. In Paragraph 5 of said affidavit, George Wyer states as follows:
 "5. Trooper Megin, the resident trooper, responded immediately being just down the road at the time, and the perpetrator fled, having taken most of our jewelry but leaving other valuables in plaln sight, obviously being frightened off by the motion alarm which eventually went off and the police siren." [Emphasis added.]
The affidavit further states that if the alarm had been properly wired, the intruder may not have entered the house at all or would have been caught by the Trooper who arrived almost at the time the perpetrator fled. The important part of this latter statement is the factual statement that the Trooper arrived almost at the time the perpetrator fled, leading to a reasonable inference that if the alarm had gone off properly, the CT Page 11433 Trooper would have arrived before the perpetrator fled. It may well be that the close proximity of the Trooper to the house and the time at which he arrived just prior to the fleeing of the perpetrator may not be sufficient for the trier of fact to draw the inference that there was proximate cause. However, in the case at bar, these facts as set forth in the affidavit go beyond the "meager" facts in the Vastola case. In any event, whether the trier of fact finds these allegation or statements to be true and whether they rise under all the circumstances of this case to a basis for probable cause is an issue of fact which should be decided by the trier of fact. The facts in this case as alleged by affidavit clearly go beyond the meager facts in Vastola. Therefore, Vastola is not applicable to the case at bar, and there is a genuine issue of fact as to the veracity or validity of these facts, and it is an issue of fact for the trier to decide whether these additional conditions are sufficient to warrant a finding of proximate cause after proximate cause has been explained by the trial court in ajury case or by its own knowledge in a court trial. It must be remembered that Vastola
was a case in which a judgment was entered for the plaintiff by the trier of fact, namely, the judge, in a court case, and all the evidence had been produced. The Supreme Court believed that the evidence produced was inadequate for the trier of fact to draw the inference it did. Here, we are talking about a motion for summary judgment, and based upon Vastola it is clearly up to the trier of fact to determine whether these additional facts are sufficient to constitute proximate cause. The fact that in Vastola the issue was decided, although incorrectly according to the Supreme Court, by the trier of fact certainly indicates that it is up to the trier of fact to make this determination and that, therefore, it is an issue of fact to be determined. Accordingly, these issues cannot be decided, in the case at bar, on summary judgment.
3. The enforceability of the liquidated damages provisions: Paragraph 12 of the contract states in pertinent part that the defendant is not an insurer and that insurance, if any, covering property loss or damage, shall be obtained by the plaintiff, and that the payments provided for are based solely on the value of the services as set forth and are unrelated to the value of client's property.
It further states that the plaintiff acknowledges that it is impractical and extremely difficult to fix the actual damages which may proximately result from the failure to perform any of CT Page 11434 the defendant's obligations . . . because of, among other things; the uncertain amount or value of plaintiffs property or the property of others which may be lost of damaged; the uncertainty of the response time of the police or other authority; the unability (sic) to ascertain what portion, if any, of any loss would be proximately caused by defendant's failure to perform. The next Paragraph, C, describes the limitation of one half year's monitoring payments or $500 whichever is lesser "as liquidated damages and not as a penalty". New York Life InsuranceCo. v. Hartford National Bank Trust Co., 2 Conn. App. 279,477 A.2d 1033 (1984) stated:
 "Three conditions must be met in order to uphold a contractual provision for liquidated damages. They are (1) that the damages are uncertain or difficult to prove; (2) that the parties intended to liquidate damages in advance; and (3) that the amount is reasonable because it is not greatly disproportionate to the amount of damages which the parties assumed at the time of their contract would be sustained if the contract were breached. Citations omitted". Id 280-81.
This court finds that these provisions have not been met. The damages were not uncertain or difficult to prove. The plaintiff came up with the figure of $6,800 in lost jewelry as damages. The plaintiff easily ascertained that amount, and certainly, as in a jewelry insurance floater on a homeowner's policy, (and the court recognizes that the defendant has rightfully claimed that it is not an insurer), a list or inventory of the jewelry could have been furnished and checked at or shortly after the time of the execution of the contract. As for whether the parties intended to liquidated damages in advance, there is evidence that the plaintiffs did not so intend despite the language in the contract which will be described hereafter. As to whether the amount is reasonable because it is not greatly disproportionate to the amount of damages which the parties assumed at the time of their contract would be sustained if the contract were breached, this court finds that the amount is clearly greatly disproportionate. The actual damages were $6,800, and the claimed liquidated damages by the defendant is only $198.44. That is clearly greatly disproportionate. For these reasons, failing to meet at least two of the three requirements and possibly the third, the court finds that it is not a proper liquidated damages clause and, is, therefore, not enforceable.
4. Breach of contract by the defendant. In Paragraph 12D, it CT Page 11435 is stated:
 "In the event that the client (plaintiffs) wishes dealer (defendant) to assume greater liability, client may, as a matter of right, obtain from dealer a higher limit by paying an additional amount to dealer, and a rider shall be attached hereto setting forth such higher limit and additional amount, but this additional obligation shall in no way be interpreted to hold dealer as an insurer." (emphasis added.)
Despite Paragraph 16 which the court recognizes appears to be that anything or any statement or representation made that is not in the contract is not part of the contract. However, according to the affidavit of the plaintiff, George Wyer, dated May 11, 1999, Paragraph 7, said plaintiff claims that he was assured by the defendant that the purchase as a matter of right of a higher limit of liability of the defendant would not be necessary. Paragraph 7 states in full:
 "7D. Despite knowing of our concerns, I was never offered nor given the opportunity to obtain any additional coverage for the jewelry from Sonitrol as I was assured it would not be necessary." (emphasis added.)
This representation by the defendant may not be in the contract itself, but it certainiy appears to be a breach of that portion of the contract aforementioned because depending upon what was said, the defendant dissuading the plaintiff from obtaining a higher limit of liability despite his absolute right to obtain same would be a misrepresentation that would constitute a breach of the contract. At the very least, this is an issue of fact to be decided by the trier of fact.
The court also notes from the yellow copy of the contract submitted, the terms on the back, including the limit of liability provisions, are essentially unreadable. If the plaintiffs never saw or were given a readable copy of the back of the contract, it is questionable whether those provisions apply to the plaintiffs. The court has to presume that the plaintiffs were aware of these provisions. Otherwise, the plaintiff, George Wyer, would not have requested an increase in the limit of liability.
For all of the foregoing reasons, there are genuine issues of material fact which must be decided by the trier of fact as well CT Page 11436 as issues of law which do not favor the defendant. Accordingly, the defendant's motion for summary judgment is denied.
Rittenband, J.