STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         Civil Action
                                                        Docket No. CV-99-427
                                                        NM-CuM-8/13/2000
DELORES STANTON, et al.,

                    Plaintiffs

v.                                                      ORDER ON DEFENDANT'S
                                                        MOTION FOR SUMMARY JUDGMENT
UNIVERSITY OF MAINE,

                    Defendant

The defendant seeks a summary judgment on count I (negligence), count II (negligent infliction of emotional distress), and count III (breach of contract) of the plaintiffs' complaint. For the following reasons, the defendant's motion is granted.

FACTS

The defendant's statement of facts was essentially admitted by the plaintiffs. The plaintiffs qualified their admissions to paragraphs 7 and 10. The plaintiffs dispute the facts in paragraph 13. The plaintiff's response to paragraphs 14 and 17 is not sufficient to raise an issue of fact. See Def.'s SUMF, ¶¶ 1-24; Pls.' Response to Defendant's Statement of Material Facts, ¶¶ 1-24. The plaintiffs filed a statement of disputed facts. See Pls.' Statement of Disputed Material Facts, ¶¶ 1-13. The defendant filed a supplemental statement of undisputed facts to which the plaintiffs do not object. See Def.'s Supplemental Statement of Material Facts.

Based on the parties' statements of facts,[1] it is not disputed that in August,

---

[1] As discussed at oral argument, the Court has not considered the many facts recited in the

1997, plaintiff Delores Stanton attended a pre-sports training program at the University of Southern Maine. The plaintiff Delores Stanton and twelve other students stayed in the Robie-Andrews dormitory at the University of Southern Maine campus. The plaintiff Delores Stanton arrived on August 24, 1997. A resident assistant was assigned to live on each of the six floors of the Robie-Andrews dormitory during the pre-season practice program. The resident assistants moved into the dormitory on August 21, 1997. The Robie-Andrews dormitory has one main entrance that is locked 24 hours a day. Each of the dorm rooms has a locked door as well. Students living in the dormitories were provided with a key to the dormitory entrance and a key to their own room.

Each dorm room is equipped with active telephone service to which students connect their own phones. Just inside the entrance to Robie-Andrews is a wall telephone that provides direct access to the University of Southern Maine police 24-hour dispatch service. Just outside the front entrance of the dorm is another telephone that also provides direct access to the University of Southern Maine police dispatch service. When activated, this telephone tells the police dispatcher the location of the person using the phone, even if the person using it is unable to speak.

After a party, plaintiff Delores Stanton walked to Robie-Andrews with a man she met at the party who said he had friends at Robie-Andrews. She unlocked the dormitory's front door and let the man inside. They got into the elevator together. She got off on the second floor and he remained in the elevator. She unlocked the

parties' memoranda that do not appear in the statements of fact. See M.R. Civ. P. 7(d)(1) & (2); 56(c). See Burdzel v. Sobus, 2000 ME 84, ¶¶ 1 n.1 & 9, 750 A.2d 573, 573, 576.

door to her room and propped the door open with a chair. The man arrived at her open door and the alleged assault occurred. The last reported rape on the University of Southern Maine campus occurred in 1991 and there were no reported rapes or sexual assaults from 1992 to 1997.

## COUNT I: NEGLIGENCE

The defendant argues that it had no duty to protect the plaintiff Delores Stanton from the alleged sexual assault because such an assault was not reasonably foreseeable under the existing circumstances. Because plaintiff Delores Stanton had the legal status of a business invitee, the defendant owed "a duty to exercise reasonable care in taking such measures as were reasonably necessary for her safety in light of all then existing circumstances." Schultz v. Gould Academy, 332 A.2d 368, 370 (Me. 1975); see also Brewer v. Roosevelt Motor Lodge, 295 A.2d 647, 651 (Me. 1972) ("the risk reasonably to be perceived within the range of apprehension delineates the duty to be performed and the scope thereof"); Pelletier v. Fort Kent Golf Club, 662 A.2d 220, 221-22 (Me. 1995) (duty to use ordinary care to ensure that premises are reasonably safe for plaintiff, guarding him against all reasonably foreseeable dangers, in light of totality of circumstances); Howe v. Stubbs, 570 A.2d 1203, 1203 (Me. 1990) (in certain circumstances, duty to business invitee may extend to warning of or protection from danger that originates from third persons outside business premises). As in Brewer, the defendant in this case "was under no obligation to anticipate the isolated, wilful and furtive movements of a burglar-rapist whose nefarious tendencies were apparently activated by the plaintiff's failure to secure her premises with the security equipment provided by the defendant."

Brewer, 295 A.2d at 652.

## COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs Eileen Stanton and Gerald Stanton seek recovery in Count II for negligent infliction of emotional distress as a result of the alleged rape of their daughter and the subsequent investigation of that rape. In order to recover, these plaintiffs must show that they were present when the harm occurred to plaintiff Delores Stanton, that they suffered serious mental distress as a result of contemporaneously perceiving that harm, and that they were closely related to the plaintiff Delores Stanton. See Champagne v. Mid-Maine Medical Center, 1998 ME 87, ¶¶ 13-14, 711 A.2d 842, 846-47. The plaintiffs admit that Delores Stanton's mother, Eileen Stanton, did not learn about the alleged assault until early October, 1997. See Def.'s SUMF ¶ 19; Pls.' Response to Defendant's Statement of Material Facts ¶ 19. There is no mention in any of the statements of fact regarding plaintiff Gerald L. Stanton.

## COUNT III: BREACH OF CONTRACT

It is undisputed on this record that the parties had no written or oral contract. Instead, the plaintiffs argue that an implied contract resulted from the parties' conduct. The plaintiffs have not raised any issue of material fact regarding any conduct on the part of the parties resulting in an implied contract. See RICHARD A. LORD, WILLISTON ON CONTRACTS § 1:5 (4th ed. 1990).

The entry is

> The Defendant's Motion for Summary Judgment is
> GRANTED.
>
> Judgment is entered in favor of the Defendant and against

the Plaintiffs on the Plaintiffs' Complaint.

Date: August 13, 2000

Nancy Mills
Justice, Superior Court

CV-99-427

Date Filed ___7-30-99___ ___Cumberland___ Docket No. ___CV99-427___
County

Action ___Personal Injury___

Delores, Eileen, and Gerald Stanton

University of Maine SYSTEM
~~University of Southern Maine~~

vs.

Plaintiff's Attorney
Mark Randall, Esq.
Daniel Lilley, Esq          774-6206
PO Box 4803
Portland, ME 04112

Defendant's Attorney      Joan M. Fortin, Esq.
Patricia Peard, Esq. 774-1200
~~Catherine Clark, Esq.~~
PO Box 9729
Portland, ME 04104

DONALD L. GARBRECHT
LAW LIBRARY

AUG 21 2000

| Date of Entry | |
|---|---|
| 1999<br>July 30 | Received 7-30-99.<br>Summary sheet filed.<br>Complaint filed.<br>$300 Jury Fee paid.<br>Unserved summonses filed. |
| Aug.5 | Received 8.4.99:<br>Summons filed.<br>Defendant University of Maine System, served on 7.30.99 to Kelley Witbank. |
| Aug. 12 | Received 08-12-99:<br>Summons filed.<br>University of Maine served to Karen Casey, Administrative Assitant, on 08-05-99. |
| Aug. 20 | Received 08-20-99:<br>Plaintiffs' First Amended Complaint and Demand for Jury Trial filed. |
| Aug. 23 | Received 8.23.99:<br>Defendants University of Maine and University of Southern Maine's Motion to dismiss plaintiffs' complaint filed. |
| Sept. 7 | Received 9-3-99.<br>Defendants Answer filed. |
| Sept. 20 | Received 09/17/99:<br>Scheduling Order filed. (Mills, J.)<br>The entry will be: "Scheduling Order filed. Discovery deadline is 05/01/00. |