Bette STOW, Personal Representative of the Estate of Joshua Stow, Plaintiff,

v.

Brian E. PETERSON, Edward A. Peterson, and Margaret E. Peterson, Defendants.

No. Civ.01–254–P–C.

United States District Court, D. Maine.

May 21, 2002.

Walter F. McKee, Esq., Lipman & Katz, Augusta, ME, for Plaintiff.

Mark E. Dunlap, Norman, Hanson & Detroy, Portland, ME, for Defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

This case arises out of an accidental home fire from which Plaintiff's son, Joshua Stow, did not escape. Plaintiff's Amended Complaint alleges Wrongful Death, 18–A M.R.S.A. § 2–804(b) (Count I), and Wrongful Death—Conscious Pain and Suffering, 18–A M.R.S.A. § 2–804(c) (Count II). Amended Complaint (Docket No. 28). The Court now has before it Defendants' Motion for Summary Judgment (Docket No. 5) and Plaintiff's objection thereto (Docket No. 12). After consideration of the evidentiary record and the arguments made by the parties, the Court will grant in part and deny in part Defendants' Motion for Summary Judgment.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant.... By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party....'" *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995) (citations omitted). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir.1997). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, "the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995) (citing *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548); Fed. R.Civ.P. 56(e). "This is especially true in respect to claims or issues on which the nonmovant bears the burden of proof." *International Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir.1996) (citations omitted).

## II. FACTS[1]

Defendant Brian Peterson lived in a home in Eliot, Maine. Depo. of Brian Peterson at 4. Late on the night of November 8 until early in the morning on November 9, 1999, Joshua Stow was out drinking with friends, including Defendant Brian Peterson. Depo. of Brian Peterson at 18–19. The group of friends returned to Peterson's house where they continued to drink a substantial amount of beer and smoke marijuana. *Id.* at 22, 26; Depo. of Robert Dixon at 16, 20–21, 37; Depo. of Michael Christie at 24–26; Depo. of James Soskin at 11.

Brian Peterson awoke early on the morning of November 9 to what he thought was the crackling sound of burning wood. Depo. of Brian Peterson at 34. Brian Peterson tried to go upstairs from his ground-floor bedroom, but had to turn back because of fire and smoke. *Id.* at 34. Brian Peterson then called the fire department and left the home by the ground-floor door. *Id.* at 40–41. Firefighters found Joshua Stow dead in the house. *Id.* at 43, 47. Stow had been drinking heavily and smoking marijuana on the evening before and the early morning of the fire and was very intoxicated by the time he went to bed. *Id.* at 30; Depo. of Robert Dixon at 37; Depo. of Michael Christie at 24–25; Depo. of James Soskin at 12; Depo. of Christine Graham at 19. At the time of his death, Stow had a blood alcohol content of 0.15—nearly twice the legal driving limit in Maine. *See* Report of the Inquiry and Examination by Medical Examiner of Josh W. Stow; Depo. of Dr. Mark Graziano at 17, 19; 29 M.R.S.A. § 2411(1)(B).

1. Plaintiff asserted additional facts in her Opposition Statement of Material Facts and Additional Facts (Docket No. 11) which did not comply with Local Rule 56. Instead of asserting the additional facts in a separate section as required by Local Rule 56(c), Plaintiff

## III. ANALYSIS

### A. Duty to Provide a Safe Premises

Defendants anticipate in their motion that Plaintiff's theory of liability will be that Brian Peterson owed a legal duty to Joshua Stow to be on the lookout for anything that could have caused a fire. Although Plaintiff's Amended Complaint alleges that Brian Peterson "failed to adequately ensure that anything that could have caused the fire was out at the time Brian Peterson went to bed early that morning," Amended Complaint ¶ 6, Plaintiff responds to Defendants' argument that her theory of liability is that Brian Peterson owed Josh Stow a duty to ensure a reasonably safe premises, including the duty not to start a fire in the home. The Court understands Plaintiff's Amended Complaint to assert as her theory of liability that Defendants owed Stow a duty to provide a reasonably safe premises. Under this theory of liability, Plaintiff asserts at least two factually distinct breaches of this duty. First, a breach arising out of how the fire started and, second, a breach arising out of the failure to provide an operational smoke detector.

Duty arises when a defendant is under an obligation for the benefit of a particular plaintiff. *Joy v. Eastern Maine Medical Center*, 529 A.2d 1364, 1365 (Me. 1987). Duty has been defined as " 'an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another.' " *Howe v. Stubbs*, 570 A.2d 1203, 1203 (Me.

added the facts in the numbered paragraphs, admitting or denying Defendants' Statement of Material Facts. Defendants objected to the Plaintiffs form and, therefore, the Court has disregarded those additional facts.

1990) (quoting PROSSER AND KEATON ON TORTS § 53 (5th ed.1984)). "Whether one party owes a duty of care to another is a matter of law." *See Fish v. Paul*, 574 A.2d 1365 (Me.1990); *Joy*, 529 A.2d at 1365. By statute in Maine, the duty owed to a social invitee is the same as the duty owed to a business invitee. *See* 14 M.R.S.A. § 159. That is, the duty of exercising reasonable care to provide a reasonably safe premises. *See Budzko v. One City Center Assoc. Ltd.*, 2001 ME 37 ¶ 10, 767 A.2d 310, 313–14; *Erickson v. Brennan*, 513 A.2d 288, 289 (Me.1986) ("a possessor of land owes a duty to use reasonable care to all persons lawfully on the premises"); *Poulin v. Colby College*, 402 A.2d 846, 851 (Me.1979). Whether a duty was breached and whether a defendant's conduct was reasonable under the circumstances are questions of fact for the jury. *See Lewis v. Knowlton*, 1997 ME 12, ¶ 10, 688 A.2d 912, 914.

■ In determining whether a defendant owed a duty of care and may be liable causing injury, the court must first establish that the defendant had an ownership interest in, was the possessor of, or exercised some control over the property at the time of the injury. *See Erickson*, 513 A.2d at 289–90; *Walker v. Weymouth*, 154 Me. 138, 145 A.2d 90, 91 (1958). Possession of land is determined by occupancy and the intent to control such land. *See Hankard v. Beal*, 543 A.2d 1376, 1378 (Me.1988); *Erickson*, 513 A.2d at 290. The undisputed facts establish that Brian Peterson lived in the home at the time of the fire and that Joshua Stow was a social guest in Peter-son's home at the time of the fire. The Court finds that based on this record, Brian Peterson owed Joshua Stow, his guest, the duty to exercise reasonable care to provide reasonably safe premises.

■ With respect to Defendants Edward and Margaret Peterson, the summary judgment record does not establish that they had any interest in the property at the time the fire occurred. The record does not indicate that Edward and Margaret Peterson lived in the home, had any possessory interest in the home, or that they had an ownership interest in the home. Plaintiff has alleged that "Edward A. Peterson and Margaret E. Peterson were the owners of the Peterson residence and resided there." Amended Complaint ¶ 8. There is nothing of evidentiary quality in the record made on summary judgment to support that assertion. Defendants Statement of Material Facts provides that "[Brian] Peterson lived with his parents in *their* mobile home in Eliot, Maine." Defendants' Statement of Material Facts ¶ 2 (citing Depo. of Brian Peterson at 4) (emphasis added). There is no support for this statement in the cited record either. The referenced deposition provides only that, at the time of the fire, Brian Peterson was living in the home in which he grew up. Depo. of Brian Peterson at 4. The Court finds that, on this record, Edward and Margaret Peterson owed no duty of care toward Joshua Stow and will, therefore, grant Defendants' Edward and Margaret Peterson's Motion for Summary Judgment on both Counts of Plaintiffs Amended Complaint.[2]

---

2. Plaintiff has filed a Motion to Strike Defendants' Reply Statement of Material Facts. *See* Docket No. 19. That motion addresses the two additional facts that Defendants included in their Reply Statement of Material Facts. With respect to the presence of a smoke detector, Defendants disclosed for the first time in their Reply Statement of Facts that Ken Grimes, an investigator with the Office of the State Fire Marshal, "found a smoke alarm on the hallway floor of the Peterson residence" in the course of his investigation on November 9, 1999. Affidavit of Ken Grimes (Docket No. 16) at 1. Plaintiff objects to the inclusion of Grimes's affidavit on the basis that this evidence was not previ-

## B. Proximate Cause

Defendants also argue that even if the home did not have an operational smoke detector, there is no evidence that the absence of an operational smoke detector was the proximate cause of Joshua Stowe's death. Defendants ask the Court to conclude that given Joshua Stow's level of intoxication, it would be mere speculation to conclude that a smoke alarm would have awakened him in time for him to have escaped the fire. Defendants rely on two Connecticut cases for support. *See Leon's Bakery, Inc. v. Grinnell Corp.*, 990 F.2d 44, 49 (2nd Cir.1993) (discussing limitation of liability clause and finding that action to recover for property damaged in a fire where fire detection and sprinkler system allegedly malfunctioned to be distinguishable from case where a defective part caused the helicopter to crash and to be more like a situation where a burglar alarm does not elicit the appropriate response by the monitor in the presence of the burglar); *Vastola v. Connecticut Protective System*, 133 Conn. 18, 47 A.2d 844, 845 (Conn.1946) (ordering dismissal of negligence claim on basis that improperly installed burglar alarm was not the proximate cause of the loss of a sum of money by burglary). The Court finds neither case persuasive of Defendants' argument. Here, the loss was of the life of Joshua Stow who was indisputably present at the time of the fire and, unlike the inanimate property lost in *Leon's Bakery* and *Vasto-la*, could have reacted to a properly functioning alarm. The Court cannot properly find, as a matter of law, that the absence of a smoke alarm could not have proximately caused Joshua Stow's death. To so conclude would undermine the entire purpose of a residential smoke detection device which is, in part, to alert sleeping or unsuspecting persons to the presence of smoke and fire.

■■■ Finally, Defendants assert that the issue of the smoke detector's causation should not be tried because it would necessarily be speculation for a juror to conclude that Brian Peterson's failure to equip the home with a smoke detector was the proximate cause of Joshua Stow's injuries. Proximate cause is generally a question of fact for the jury. *See Webb v. Haas*, 1999 ME 74 ¶ 20, 728 A.2d 1261, 1267 (*citing Perron v. Peterson*, 593 A.2d 1057, 1058 (Me.1991)). However, "[t]he mere possibility of such causation is not enough; and when the matter remains' one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Champagne v. Mid–Maine Medical Ctr.*, 1998 ME 87, ¶ 10, 711 A.2d 842, 845 (quoting RESTATEMENT (SECOND) OF TORTS § 433B cmt. a, at 442 (1965)). The negligent act that Plaintiff alleges caused the loss of her son is the failure to provide an operational smoke detector in the home where Brian Peter-

ously disclosed. Plaintiff also moves to strike the "NEFCO report" upon which Defendants rely in their Reply Statement of Material Facts on the basis that such report is hearsay.

Motions to strike are made pursuant to Rule 12(f), which provides that a "court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f) (emphasis added). Rule 7(a) explicitly excludes everything other than a complaint, an answer, a reply to a counter-claim, an answer to a cross-claim, a third-party complaint, or a third-party answer from its definition of a pleading. Rule 12(f) applies only to pleadings. *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir.1997) (noting that Rule 12(f) has no applicability to motions made in pursuit of or in opposition to summary judgment). Neither the statement in the Grimes Affidavit nor the information from the NEFCO report was made in a pleading. Consequently, Rule 12(f) is inapplicable and Plaintiffs Motion to Strike will be denied.

son lived. In determining whether it would be only speculation for a juror to infer that Brian Peterson's failure to equip the home with a smoke detector was the proximate cause of Joshua Stow's injuries, the Court must view the evidence presented in the summary judgment record in the light most favorable to Plaintiff. *Cadle Co.*, 116 F.3d at 959. This record presents numerous issues of fact which bear on this issue of whether a smoke alarm would, more likely than not, have awakened Joshua Stow, including, *inter alia,* his proximity to the smoke detector. Given the sparse factual record, the issue cannot be excluded as a matter of law.

Accordingly, it is **ORDERED** that Defendants' Motion for Summary Judgment be, and it is hereby, **GRANTED** with respect to Defendants Edward and Margaret Peterson on both Counts and **DENIED** with respect to Brian Peterson on both Counts. It is further **ORDERED** that Plaintiffs Motion to Strike be, and it is hereby, **DENIED.**