MECHELLE MEDCALF *v.* WASHINGTON HEIGHTS
CONDOMINIUM ASSOCIATION, INC., ET AL.
(AC 18185)

Foti, Hennessy and Mihalakos, Js.

Argued December 1, 1999—officially released March 21, 2000

*David J. Scully,* for the appellants (defendants).

*J. Michael Cantore, Jr.,* with whom was *Tad J. Bistor,* for the appellee (plaintiff).

*Opinion*

MIHALAKOS, J. The defendants, Washington Heights Condominium Association, Inc., and Professional Property Management Company, Inc., appeal from the judgment rendered in favor of the plaintiff, Mechelle Medcalf, after a jury trial. The jury awarded to the plaintiff $4778.44 in economic damages and $110,000 in noneconomic damages. On appeal, the defendants claim that the trial court improperly (1) refused to direct or set aside the verdict and render judgment for the defendants as a matter of law, (2) admitted into evidence certain crime statistics and denied the defendants' request to examine the crime statistics witness, (3) denied the defendants' motion in arrest of judgment, (4) charged the jury on the issues of cause and the

difference between proximate cause and inconsequential cause, (5) charged the jury on permanent injuries and future damages, and (6) admitted into evidence undisclosed medical records and bills. We agree with the defendants' first claim and reverse the judgment of the trial court.[1]

The following facts are relevant to our resolution of this appeal. On June 20, 1990, the plaintiff and a friend, Deborah Michelson, arrived at 1633 Washington Boulevard in Stamford at approximately 9 p.m. to visit a friend, Tracy Skiades. The defendant Washington Heights Condominium Association, Inc., is a Connecticut corporation comprised of the unit owners of the premises. The defendant Professional Property Management Company, Inc., is the managing agent in control of the operation, management and repair of the premises.

The plaintiff parked her car in the street level parking lot and walked to the lobby doors. The lighting in the parking lot was dim. She picked up the intercom outside the lobby and called Skiades. The intercom was answered by Skiades' brother-in-law, who told Skiades that the plaintiff was downstairs. Skiades then attempted to let the plaintiff into the lobby by using the electronic buzzer system. The system failed to work, and Skiades told the plaintiff that she would come down and let her in. Before Skiades could admit her, the plaintiff was attacked by a man, later identified as Kenneth Strickler. She suffered injuries as a result of the attack.

The jury, in response to interrogatories presented to it, returned a verdict for the plaintiff on only the following count of the complaint: "[failure to] maintain the building telephone security intercom communication

---

[1] Because we agree with the defendants' first claim, we find it unnecessary to address the remaining claims.

system in working order so as to allow the plaintiff, and other persons entering the building, to contact others within the building; and for those persons within the building to electronically open the front lobby doors."

The defendants claim that the court improperly denied their motion for a directed verdict. We agree.

Our review of a trial court's refusal to direct a verdict takes place within very defined parameters.[2] The evidence must be considered, along with reasonable inferences, in the light most favorable to the parties who were successful at trial with weight given to the judgments of the judge and jury. *John T. Brady & Co.* v. *Stamford*, 220 Conn. 432, 440–41, 599 A.2d 370 (1991). "The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion." Id., 441. A trial court may set aside or direct a verdict on a finding that "the verdict is manifestly unjust because the jury, on the basis of the evidence presented, mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case can be applied. *Maroun* v. *Tarro*, 35 Conn. App. 391, [396], 646 A.2d 251, cert. denied, 231 Conn. 926, 648 A.2d 164 (1994)." *Foley* v. *Huntington Co.*, 42 Conn. App. 712, 724–25, 682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996). "While we do not attempt to substitute our judgment for that of the trial judge, we must determine whether the jury award was such that the trial judge could have properly substituted his judgment for that of the jury." *Jerz* v. *Humphrey*, 160 Conn. 219, 225, 276 A.2d 884 (1971). To determine whether the trial court

---

[2] "Our standard of review for motions to direct a verdict, motions to set aside a verdict and motions for judgment notwithstanding the verdict are the same. See *Foley* v. *Huntington* Co., 42 Conn. App. 712, 724, 682 A.2d 1026 [cert. denied, 239 Conn. 931, 683 A.2d 397] (1996) . . . ." (Citations omitted.) *Suarez* v. *Sordo*, 43 Conn. App. 756, 759, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997).

abused its legal discretion, this court must consider the entire record and all of the evidence. *Foley* v. *Huntington Co.*, supra, 726.

The dispositive issue in this appeal is whether there is a causal connection between the assault and the failure of the security system. We conclude that the jury could not reasonably have found that the failure to maintain the intercom security system was the proximate cause of the assault.

The elements in a negligence cause of action are duty,[3] breach of that duty, causation and damages. *Doe* v. *Manheimer*, 212 Conn. 748, 755, 563 A.2d 699 (1989), overruled in part on other grounds, *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 608, 662 A.2d 753 (1995). To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct was the legal cause of the injuries. See *Wu* v. *Fairfield*, 204 Conn. 435, 438, 528 A.2d 364 (1987); *Hearl* v. *Waterbury YMCA*, 187 Conn. 1, 4, 444 A.2d 211 (1982); W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 41, p. 263. "The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct." (Internal quotation marks omitted.) *Doe* v. *Manheimer*, supra, 757.

The second component is proximate cause. "Proximate cause establishes a reasonable connection between an act or omission of a defendant and the harm suffered by a plaintiff." W. Prosser & W. Keeton, supra, § 41, p. 263. "The Connecticut Supreme Court has defined proximate cause as [a]n actual cause that is a substantial factor in the resulting harm . . . . The substantial factor test reflects the inquiry fundamental

---

[3] We decline to address the issue of duty, but rather decide the issue on the matter of proximate cause.

to all proximate cause questions, that is, whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." (Citations omitted; internal quotation marks omitted.) *Suarez* v. *Sordo*, 43 Conn. App. 756, 762, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997). Proximate cause is a question of fact to be decided by the trier of fact, but it becomes a question of law when the mind of a fair and reasonable person could reach only one conclusion. *Doe* v. *Manheimer*, supra, 212 Conn. 767. "Lines must be drawn determining how far down the causal continuum individuals will be held liable for the consequences of their actions. . . . This line is labeled proximate cause." (Citations omitted; internal quotation marks omitted.) *Suarez* v. *Sordo*, supra, 769. In issues involving proximate cause analysis, this court has held that "an intervening intentional or criminal act relieves a negligent defendant of liability, except where the harm caused by the intervening act is within the scope of risk created by the defendant's conduct or where the intervening act is reasonably foreseeable. . . . As a general rule, the act of a third person in committing an intentional act or crime is a superseding cause of harm to another resulting therefrom. . . . In such a case, the third person has deliberately assumed control of the situation, and all responsibility for the consequences of his act is shifted to him." (Citations omitted; internal quotation marks omitted.) Id., 762–63; see also 2 Restatement (Second), Torts § 442B, comment (c) (1965). Recovery is barred in a negligence action where there is a lack of causal connection between the defendant's wrongful conduct and a plaintiff's injury. *Cardona* v. *Valentin*, 160 Conn. 18, 24, 273 A.2d 697 (1970).

In *Doe* v. *Manheimer*, supra, 212 Conn. 762, our Supreme Court was not persuaded that the owner of a property should reasonably foresee that an overgrowth

of vegetation would provide an inducement for the commission of a violent crime by a stranger. The court held that the overgrown vegetation was an incidental factor and not a substantial factor that would establish proximate cause. Id.

*Suarez* follows the proximate cause analysis in *Doe*. In *Suarez*, the court held that the defendant's negligence in providing locks and knobs on an apartment door did not create a risk of the type of harm suffered by the plaintiff and, thus, was not the proximate cause of the injuries suffered by the plaintiff. *Suarez* v. *Sordo*, supra, 43 Conn. App. 770.

In the present case, the plaintiff offered no evidence that the malfunctioning intercom system was designed to provide security to a person outside the building. The defendants' failure to maintain the intercom system was inconsequential and was not the proximate cause of the assault. The injury may likely have occurred without any negligence with respect to the intercom system.

The defendants could not have reasonably foreseen that a malfunctioning intercom system might provide a substantial incentive or inducement for the commission of a violent criminal assault on their property by one stranger upon another. See *Doe* v. *Manheimer*, supra, 212 Conn. 762.

We rule that, as a matter of law, the jury could not reasonably have found that the assault on the plaintiff and the resultant injury were within the foreseeable scope of risk created by the defendants' failure to maintain the intercom system. Therefore, the plaintiff failed to establish the necessary causal relationship.

The judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.