[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court are the plaintiff's motion for judgment notwithstanding the verdict, motion to set aside the verdict and motion for a new trial.
The plaintiff's cause of action arose out of an automobile accident in Greenwich, Connecticut on September 11, 1996. The plaintiff, Richard Palkimas, was stopped at a red traffic light, and the defendant, Rita Lavine, was stopped immediately behind him in her own vehicle. According to the testimony, the defendant's vehicle moved forward and came into contact with the plaintiff's vehicle. The plaintiff claimed injuries as a CT Page 13721 result of the accident.
During the course of the trial the plaintiff attempted to call Grant Curtis as an expert to testify to the amount of damage sustained to the transmission of the plaintiff's vehicle in an effort to establish the force of the impact and the extent of the plaintiff's property damages. Upon objection from the defendant, the court restricted the witness' testimony to that of a non-expert witness because the plaintiff had not properly disclosed his expert in accordance with Practice Book §13-4. After the close of evidence at the trial, the jury returned a verdict for the defendant. On September 18, 2000, the plaintiff filed motions for judgment notwithstanding the verdict, to set aside the verdict and for a new trial.
The "standard of review for motions to direct a verdict, motions to set aside a verdict and motions for judgment notwithstanding the verdict are the same." (Internal quotation marks omitted.) Medcalf v. WashingtonHeights Condominium Assn., Inc., 57 Conn. App. 12, 15 n. 2, 747 A.2d 532
(2000). "The setting aside of a verdict can occur . . . for two general reasons. First, a trial court may set aside a verdict on a finding that the verdict is manifestly unjust because the jury, on the basis of the evidence presented, mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case can be applied. . . . Second, a verdict may be set aside if its result justifies a suspicion that a juror or jurors were influenced by prejudice, corruption or partiality." (Citations omitted; emphasis in original.) Foley v. Huntington Co., 42 Conn. App. 712,724-25, 682 A.2d 1026, cert. denied, 239 Conn. 931,683 A.2d 397 (1996).
"The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence. . . . The supervision which a judge has over the verdict is an essential part of the jury system. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality. . . . The court has the duty to set aside the verdict where the jury's action is so unreasonable as to suggest that it was the product of such improper influences. . . . A verdict may be set aside even if the evidence was conflicting and there was direct evidence in favor of the party who prevailed with the jury. . . ." (Citations omitted; internal quotation marks omitted.) Palomba v. Gray, 208 Conn. 21, 23-24, CT Page 13722543 A.2d 1331 (1988).
Among the issues contested at trial were the extent of the property damage to the plaintiff's vehicle, the physical injuries to the plaintiff, and the extent of loss of income to the plaintiff as a result of the accident.
The jury could reasonably have found that the plaintiff's vehicle sustained little or no damage in the accident. Photographs of the vehicle, submitted by the plaintiff, reveal little to no damage. The evidence also revealed that neither the defendant nor the passenger in the plaintiff's vehicle were injured.
The plaintiff claimed a physical impairment, testified to by both him and his attending physician. The credibility of these two witnesses, however, was contested. For example, the plaintiff's attending physician could not remember who referred the plaintiff to him, or how he came to be a patient. The plaintiff also had forgotten or was unsure on numerous details pertinent to his injuries and damages. For example, the plaintiff testified that he could not remember whether or not he had been in any prior automobile accidents. However, after further examination on both direct and cross, the plaintiff admitted that he had been in four prior accidents. Although the plaintiff could not at first remember when or where any of these other accidents took place, he remembered that he had suffered the same or similar injuries claimed in the present accident. The plaintiff then testified that he had recovered completely from those other injuries.
With regard to the claimed damages, the plaintiff testified that prior to the accident he was successful in the construction business. However, the plaintiff was unable to substantiate this testimony because, as he testified, he had not filed income tax returns for the years 1994 through 1999. The plaintiff also testified that a friend, Regina Muller, had loaned him approximately $250,000 for the construction project he was working on at the time of the accident. When questioned further about this loan, the plaintiff testified that he was paying Ms. Muller back, but could not say where he sends the payments, testifying only that Ms. Muller lives in South Africa or somewhere in Florida.
Based on the foregoing, and other similar attacks on the plaintiff's credibility, the jury reasonably could have found that the plaintiff had not proven proximate cause or damages by a preponderance of the evidence.
The plaintiff further argued in his post-trial brief that the court's failure to allow a plaintiff's witness to testify as a transmission CT Page 13723 expert warrants a new trial. "The decision to preclude a party from introducing expert testimony is within the discretion of the trial court." (Internal quotation marks omitted.) Wright v. Hutt,50 Conn. App. 439, 451, A.2d (1998). Practice Book § 13-4(4) mandates that "any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial." "[T]he purpose of the rules of discovery is to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." (Internal quotation marks omitted.) Tessman v. Tiger Lee Construction Co., 228 Conn. 42, 50,634 A.2d 870 (1993). "Practice Book [§ 13-4] does not explicitly require that the disclosure be in writing. . . . Although the text of the rule does not explicitly require the writing, in order for the trial court to proceed with the orderly flow of business, disclosure must be made in writing. It would be a cumbersome task for a trial court to determine a party's compliance with [13-4] without written disclosure." (Citations omitted.) Knock v. Knock, 224 Conn. 776, 782, 621 A.2d 267
(1993).
The court is in agreement with that portion of the defendant's memorandum, dated October 10, 2000, which provides: "Prior to trial, the plaintiff never disclosed any expert pursuant to Practice Book Section13-4 who was expected to testify about damages to the plaintiff's truck transmission resulting from the accident. Damage to the interior gears of a vehicle transmission allegedly resulting from a motor vehicle accident is something which is beyond the scope of an average layperson's common knowledge. To establish such a cause and effect relationship between a vehicle impact and alleged transmission damage would require expert opinion. Since no such expert was disclosed prior to trial in accordance with the Practice Book, the Court's rulings on Grant Curtis' testimony were proper and are not sufficient to set aside the verdict or order a new trial." Defendant's Memorandum.
Accordingly, the court denies the plaintiff's motions to set aside the verdict, for judgment notwithstanding the verdict, and for a new trial.
BALLEN, J.T.R.