[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#133)
On November 8, 1995, the plaintiffs decedent, Adrienne Arrington ("Arrington"), fell to her death from an exterior balcony of an apartment on the seventeenth floor of a building known as University Towers, 100 York Street, New Haven, Connecticut. University Towers Owners Corporation ("University Towers"), a defendant in this wrongful death action, has moved for summary judgment on the fourth count against it. In that count, the plaintiff has alleged that Arrington's death "was caused by the carelessness and negligence of the co-defendant University Towers in that it through its agents, servants and/or employees: a. Failed to properly, [sic] hire, maintain, train and supervise its personnel with respect to security and safety issues at all relevant times mentioned in this complaint [;] b. Knew or should have known the dangerous nature of the area and need for security personnel in and about said premises; and c. Failed to take reasonable and proper measures to insure the safety of all individuals on and within its premises." (Fourth count, ¶ 12) University Towers maintains that the plaintiff cannot establish that it owed any duty to Arrington, that it breached any duty and that any such breach was the proximate cause of Arrington's death.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). The moving party has the burden of demonstrating the absence of a genuine issue of material fact, but the party opposing the motion must provide evidence to demonstrate the existence of such an issue. Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000); Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55, 707 A.2d 15 (1998).
"In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact. . . . Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . A material fact is one that will make a difference in the result of the case. . . . To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a CT Page 10745 disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact. . . . (Citations omitted)." New Milford Savings Bank v. Roina, 38 Conn. App. 240, 244-45,659 A.2d 1226 (1995).
In her second revised complaint, the plaintiff has alleged that, on November 8, 1995, Arrington was in a privately owned apartment known as 1 7G at University Towers with one Raymond Williams ("Williams"), who is also a defendant in this action, that Williams caused her to fall from the exterior balcony and that no one came to her aid although she screamed and pleaded for help while hanging from the balcony for several minutes. (First count, ¶¶ 2, 9, 10, 11). University Towers has not admitted any of these allegations. It claims that Williams had left the apartment almost one hour before Arrington fell from the balcony and her death was a suicide.
"It is axiomatic that to recover in negligence for a wrongful death the plaintiff must establish a causal connection between the decedent's death and the defendants' breach of a duty of care . . . and that breach of such duty was the proximate cause of the decedent's death. (Citations omitted.)" Barrett v. Central Vermont Railway, Inc., 2 Conn. App. 530,533, 480 A.2d 589 (1984). Whether Williams' conduct caused Arrington to fall, as alleged, or whether her death was the result of suicide or was a mere accident, the court concludes that University Towers is entitled to judgment as a matter of law because it owed no duty to Arrington. Further, even if University Towers owed a duty to Arrington, no reasonable fact-finder could find that it breached that duty. Finally, even if University Towers were found to be negligent in failing to provide security in the manner alleged, such negligence could not reasonably be considered the proximate cause of Arrington's death.
In reaching these conclusions, the court relies on the following undisputed facts:
Sometime around 8:00 p.m. on November 7, 1995, Williams met Arrington on Davenport Avenue in New Haven, Connecticut. Arrington and Williams went from there to a privately owned apartment, unit 17G, at University Towers, 100 York Street. Williams had been given the keys to that apartment by the owner and claimed to have permission to use the apartment. While at the apartment, Arrington and Williams used drugs, consumed alcohol[1] and engaged in sexual relations. Williams claims that after several hours he left the apartment around midnight, leaving Arrington behind in bed.[2] At approximately 1:00 a.m. on November 8, 1995, witnesses heard yelling and observed a woman hanging on the outside CT Page 10746 of the railing of the apartment's balcony. The witnesses did not see anyone else with her. (Witness statement of David Reitano, submitted as plaintiffs exhibit A and defendant's exhibit B, transcript of interview of David Babcock submitted as plaintiffs exhibit C, witness statements of John Johnston and Basem Jassin submitted as defendant's exhibits F and G.) The woman was still on the balcony when the police arrived. (Reitano, Johnston and Jassin statements.) According to the police, they were dispatched to the scene on the report of a security guard. (Defendant's exhibit C.) Jack Millette was employed as a doorman by University Towers and started his shift at approximately 12:00 a.m. on November 8, 1995. He called 911 to summon the police when he became aware of the situation. (Defendant's exhibit M.) Shortly after the police arrived, Arrington fell from the building and hit the ground. Arrington died of multiple blunt traumatic injuries. (Defendant's exhibit H.)
 Duty
"The existence of a duty is a question of law. . . . the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Citations omitted; internal quotation marks omitted.) Mendillo v. Board of Education, 246 Conn. 456,483-84, 717 A.2d 1177 (1998).
Foreseeability is one necessary component of duty. Waters v. Autori,236 Conn. 820, 827, 676 A.2d 357 (1996). "[I]f it is not foreseeable to a reasonable [party] in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed. . . ." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,385-86, 650 A.2d 153 (1994). Literal foreseeability is not the test.Lodge v. Arnett Sales Corp., 246 Conn. 563, 576, A.2d (1998). Particularly in cases where a "duty is asserted against one who is not the direct cause of the harm," the court cannot "separate the question of duty from an analysis of the cause of the harm." Id., 246 Conn. 574.
In this case, the apparent cause of Arrington's death was that, while under the influence of cocaine and alcohol, she fell seventeen stories from the balcony of a private apartment located in the defendant's building after hanging on the outside of the railing for several CT Page 10747 minutes. Assuming, as the plaintiff maintains, that Arrington's fall was the result of Williams' conduct in engaging in a violent confrontation with her, University Towers did not have any relationship to Arrington, who was a social invitee of Williams, which created a duty on its part to control the conduct of Williams taking place in a privately owned apartment. The plaintiff has neither alleged nor presented evidentiary facts in opposition to the motion for summary judgment which would provide a basis for a reasonable fact-finder to conclude that University Towers knew or should have known that its alleged failure to have a sufficient number of adequately trained security personnel would have resulted in Williams' conduct and Arrington's fall. Thus, the harm that occurred to Arrington was not a reasonably foreseeable consequence of University Tower's alleged conduct.
Even if it may have been reasonably foreseeable to University Towers that lack of adequate security could result in harm to a social invitee within a private apartment on its premises, thus making it negligent, the second component of an analysis of duty requires the court to make a policy determination that University Towers should be held responsible for the particular consequences to the plaintiff's decedent. RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 387. University Towers had no duty to act as an absolute insurer of the safety of persons invited to enter private apartments on its premises. W. Prosser W. Keeton, Torts (5th ed. 1984) § 61, p. 425. To impose liability under the circumstances of this case would be tantamount to imposing strict liability upon a landowner for any and all injuries occurring on its property no matter what the relationship of the owner to the injured party and no matter what the cause. The cost of imposing liability under the circumstances substantially outweighs any potential benefit. Lodgev. Arnett Sales Corp., supra. 246 Conn. 579. Accordingly, the court concludes, as a matter of law, that University Towers did not owe a duty to Arrington.
Furthermore, if University Towers owed Arrington a duty, it did not breach that duty. The plaintiff has argued that "a prompt, professional prophylactic response would in all likelihood have prevented Arrington's death" (Plaintiffs Memorandum in Opposition, p. 5) and that if an unspecified sufficient number of properly trained security personnel had been present, someone would have heard Arrington's screams and intervened by contacting the police or in some other unspecified manner. (Id., pp. 9-10). The undisputed facts are that the doorman on duty that night did call the police and the police were present on the scene before Arrington fell from the balcony. Thus, there is no breach of duty as a matter of law.
 Causation CT Page 10748
Causation consists of two components — cause in fact and proximate cause. Paige v. Saint Andrew's Roman Catholic Church Corp.,250 Conn. 14, 24, 734 A.2d 85 (1999). "Cause in fact, occasionally referred to as actual cause, asks whether the defendant's conduct `caused' the plaintiffs injury." Stewart v. Federated Dept. Stores, Inc.,234 Conn. 597, 605, 662 A.2d 753 (1995). A defendant's conduct is not the cause of an event if the event would have occurred without it. W. Prosser W. Keeton, Torts (5th ed. 1984) § 41, p. 266. Proximate cause is an actual cause that is a substantial factor in the resulting harm. . . . The substantial factor test reflects the inquiry fundamental to all proximate cause questions, that is, whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence. (Citations omitted; internal quotation marks omitted.) Saurez v. Sordo, 43 Conn. App. 756, 762, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997).
"[P]roximate cause . . . becomes a question of law when the mind of a fair and reasonable person could reach only one conclusion." Medcalf v.Washington Heights Condominium Assn., Inc., 57 Conn. App. 12, 17,747 A.2d 532, cert. denied, 253 Conn. 923 (2000). Even if University Towers breached a duty to Arrington, a reasonable fact-finder could not conclude that there is a causal connection between Arrington's death and any failure to provide adequate security. The question is whether Arrington's death, as a result of falling from the exterior balcony of a privately owned apartment, was within the scope of the risk created by that failure. Doe v. Manheimer, 212 Conn. 748, 759, 563 A.2d 699 (1989), overruled in part on other grounds, Stewart v. Federated Dept. Stores,Inc., supra, 234 Conn. 608; see Restatement (Second) Torts, §§ 442B, 448, 449.
To find that a property owner's negligence was a substantial factor in bringing about a plaintiffs injuries when those injuries were caused in fact by the conduct of a third person, as the plaintiff here claims, the plaintiff must provide evidence that harm of the same general type had occurred in the past on the defendant's property so that it would be reasonably foreseeable to the property owner that it could occur again.Stewart v. Federated Dept. Stores, Inc., supra, 234 Conn. 612-13; Doe v.Manheimer, supra, 212 Conn. 762. Thus, in Manheimer, where no proximate cause was found, the court noted "there was no evidence tending to demonstrate that the defendant had any past experience," id., which would have led him to conclude that overgrown vegetation on his property "might provide a substantial incentive or inducement for the commission of a violent criminal assault." Stewart v. Federated Dept. Stores, Inc., supra, 234 Conn. 612. In contrast, the Stewart court, in finding proximate cause, noted its facts were "strikingly different that those CT Page 10749 presented in Manheimer," id., 613, including evidence of prior robberies and violent crimes in the specific location, criminal statistics available to the defendant and recommendations from the defendant's security supervisor and other employees.
In this case, the plaintiff has failed to come forward with any evidentiary facts to support her theory of causation.[3] Assuming there was a violent confrontation between Williams and Arrington, as the plaintiff claims, "[v]iolent crimes are actuated by a host of social and psychological factors," and any alleged security failure, without more, is simply an incidental factor. Doe v. Manheimer, supra, 212 Conn. 762;Medcalf v. Washington Heights Condominium Assn., Inc., supra,57 Conn. App. 18; Saurez v. Sordo, supra, 43 Conn. App. 771. A plaintiff is "bound to remove the issue of proximate cause from the realm of speculation by establishing facts affording a logical basis for the inferences which he claims." Vastola v. Connecticut Protective System,Inc., 133 Conn. 18, 21, 47 A.2d 844 (1946). While it may be reasonable to infer, as the plaintiff maintains, that if University Towers had more security personnel present on November 8, 1995, one of them might have heard Arrington screaming, it would be pure speculation, on the evidentiary basis before the court, to conclude that such personnel could have done anything to prevent Arrington's fall. A fact-finder could not reasonably conclude that Arrington's death was within the foreseeable scope of risk created by the failure to have adequate security. Accordingly, as a matter of law causation cannot be established.
 Conclusion
For the foregoing reasons, defendant University Towers' motion for summary judgment is granted. Judgment shall enter in favor of the defendant University Towers Owners Corporation on the fourth count of the second revised complaint.
 _____________________ LINDA K. LAGER, JUDGE