[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS BRIAN ALFIERO, JASPER ALFIERO AND OREIFLA, INC.
The defendants, Brian Alfiero, Jasper Alfiero and Oreifla, Inc., have moved for summary judgment claiming that they did not owe a duty of care to the plaintiffs' decedent and that no act or omission on their part could have been the proximate cause of the collision in which the plaintiffs' decedent was killed. The plaintiffs claim that genuine issues of material fact exist which preclude the granting of this motion.
A moving party is entitled to summary judgment if the court is satisfied from the pleadings and proffered documentation that there is no genuine issue as to any material fact. Additionally, in assessing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Home Ins. Co v. Aetna Life Casualty Co., 235 Conn. 185 (1995). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education,254 Conn. 205, 209 (2000).
"The existence of a duty is a question of law and only if such a duty CT Page 13244 is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." Mendillo v. Board of Education, 246 Conn. 456, 483-84,717 A.2d 1177 (1998).
The defendants own and operate a used car dealership near the railroad crossing at which Mr. Robishaw was killed. The plaintiffs' allegation include the claim that clutter on the property of the defendants obstructed the view of the plaintiffs' decedent and proximately caused the fatal collision. This risk of harm was foreseeable. It is reasonable to conclude that an ordinary person in the defendants' position, knowing what they knew or should have known, would anticipate that someone looking to cross the railroad tracks might not be able to see beyond the cars placed in the line of vision and that a collision might result. It is not unreasonable, therefore, to hold the defendants accountable if their negligence caused the alleged injuries.
There are also valid public policy reasons for holding the defendants responsible for their alleged negligence. Every person has a duty to use reasonable care not to cause injury to those whom he reasonably could foresee to be injured by his negligent conduct, whether that conduct consists of acts or omissions. see Lombard v. Edward J. Peters Jr. P.C.,252 Conn. 623, 633 (2000). It is not unreasonable to expect a property owner whose property is adjacent to a railroad crossing and a public highway to maintain that property so as not to hinder or obstruct the view of those on the highway attempting to cross the tracks. Accordingly, the defendants owed a duty of reasonable care to the plaintiffs' decedent.
The defendants move for summary judgment also claiming that no act or omission on their part could have proximately caused the fatal collision that is the subject of this action. Proximate cause is a question of fact to be decided by the trier of fact, and it becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion. Doe v. Manheimer, 212 Conn. 748, 767 (1989); Medcalf v.Washington Heights Condominium Assn., 57 Conn. App. 12, 17 (2000). The question of whether or not the plaintiffs' decedent was prevented from CT Page 13245 seeing the oncoming train due to the cars parked by the defendants and whether or not this was a proximate cause of the fatal collision are questions for determination by the trier of fact.
The defendants have failed to show that they are entitled to judgment as a matter of law as there remain genuine issues of material fact. Accordingly, the motion for summary judgment is denied.
Bishop, J.