[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Whether the defendants' motion for summary judgment as to all counts should be granted. It is submitted that no genuine issues of material fact exist and the defendants are entitled to judgment as a matter of law. Therefore, the motion for summary judgment should be granted.
The plaintiff, Rose Stanley, filed a two count complaint on September 18, 2000, against the defendants, Meriden Housing Authority (MHA) and James Rice, the chief executive officer of the MHA. The plaintiff, who lives in a housing complex owned and operated by the defendants, was attacked by Elizabeth Rivera in the common hallway of the complex and pushed into her apartment, where she was stabbed several times and severely injured. Count one of the complaint alleges negligence against the defendants for failing to keep the premises safe. Count two alleges that the defendants created a public nuisance in that they failed to provide adequate security and that they knew or should have known that unauthorized occupants were living in the building and did nothing to prevent it.
The defendants filed the motion for summary judgment presently before the court on January 4, 2002, as to both counts, arguing that there is no evidence submitted to show that Rivera was living in the complex at the time of the assault; that MHA took all necessary steps to secure the premises and, therefore, did not breach its duty; and, furthermore, that there is no evidence that the MHA was the actual or proximate cause of the plaintiff's injuries. The defendants also argue that the plaintiff has not asserted a common right of the general public and therefore cannot bring a public nuisance claim. The plaintiff filed a memorandum in opposition to the motion for summary judgment on February 13, 2002. Oral argument was heard on May 13, 2002.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof CT Page 10977 submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
 I
Count one of the complaint alleges negligence against the defendants in that they failed to provide adequate security, allowed unauthorized occupants to reside in the complex and that they failed to respond to complaints concerning these issues. "In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." LaFlamme v. Dallessio, 261 Conn. 247, 251, ___ A.2d ___ (2002). The defendants, in support of their motion for summary judgment, concede that they have a duty to keep the premises safe; the lease agreement states "MHA is obligated to maintain the premises in decent, safe and sanitary conditions" (Plaintiff's Exhibit B, ¶ 5A.); but argue that the plaintiff has submitted no evidence to show that they breached that duty. It is undisputed that there are security officers on sight at all times; that the Meriden police patrol the complex; and that the doors to the complex remain locked at all times, and the only way to enter is to have a key or to have a resident let you in. Furthermore, as the evidence suggests, when the MHA becomes aware of unauthorized occupants living in the complex, it issues letters to those tenants with warnings that continued violations of the lease agreement will result in eviction. (Plaintiff's Exhibits I and J.) There is no evidence, however, that any of these letters were ever sent to the neighbor in question, with whom Elizabeth Rivera was supposedly living. See Plaintiff's Exhibit J. Moreover, there is no evidence to support the plaintiff's contention that the defendants knew or should have known that this particular woman was an unauthorized occupant living in this complex. In Elizabeth Rivera's own statement, offered as evidence by the plaintiff, she states that "Juan's [neighboring tenant] apartment was definitely not my primary address and I have always considered my mother's address as being my primary residence because that was where I spent the majority of nights during this time." (Plaintiff's Exhibit A, statement of Elizabeth Rivera, August 22, 2001.) The plaintiff does offer an affidavit from CT Page 10978 another tenant who states that "many people in the building, including myself, knew that Elizabeth Rivera was living with Juan Alicea." (Plaintiff's Exhibit H, Affidavit of Winnie Livingston, February 8, 2002, ¶ 11.) This statement, however, does nothing to support the contention that the defendants knew or should have known that Rivera was an unauthorized resident.
Moreover, even if there were a breach of duty, there is no evidence to link this breach with the actual or proximate cause of the plaintiff's injuries, another essential element of the tort of negligence. "To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct was the legal cause of the injuries. . . . The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct." (Citations omitted; internal quotation marks omitted.) Medcalfv. Washington Heights Condominium Assn., 57 Conn. App. 12, 16,747 A.2d 532, cert. denied, 253 Conn. 923, 754 A.2d 797 (2000). "The second component is proximate cause. Proximate cause establishes a reasonable connection between an act or omission of a defendant and the harm suffered by a plaintiff. . . . The Connecticut Supreme Court has defined proximate cause as [a]n actual cause that is a substantial factor in the resulting harm. . . . The substantial factor test reflects the inquiry fundamental to all proximate cause questions, that is, whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence. . . . Proximate cause is a question of fact to be decided by the trier of fact, but it becomes a question of law when the mind of a fair and reasonable person could reach only one conclusion." (Citations omitted; internal quotation marks omitted.) Id., 16-17.
Even if the defendants in this case breached their duty to provide a safe premises (and there is no evidence to support this contention), their act or omission's cannot be found to be the legal or proximate cause of the plaintiff's injuries. It is the defendants' contention that the woman who attacked the plaintiff was a guest of a lawful tenant. She was using illegal drugs at the time of the attack and was not capable of making rational decisions. In her statement submitted as evidence by the plaintiff, Rivera states that she had never had any problems with anyone in the complex, she had no history or criminal record prior to the date of this incident and that the attack was completely unforeseeable by anyone, including Juan Alicea or herself. See Plaintiff's Exhibit A. "In issues involving proximate cause analysis, this court has held that an intervening intentional or criminal act relieves a negligent defendant of liability, except where the harm caused by the intervening act is within CT Page 10979 the scope of risk created by the defendant's conduct or where the intervening act is reasonably foreseeable. . . . As a general rule, the act of a third person in committing an intentional act or crime is a superseding cause of harm of another resulting therefrom. . . . In such a case, the third person has deliberately assumed control of the situation, and all responsibility for the consequences of his act is shifted to him." (Internal quotation marks omitted.) Medcalf v.Washington Heights Condominium Assn., supra, 57 Conn. App. 17. In Medcalfv. Washington Heights Condominium Assn., supra, the plaintiff, who was injured when she was attacked by a stranger while attempting to enter the defendants' condominium complex to visit a friend, sought damages claiming that negligent maintenance of the building intercom system was responsible for her injuries. The Appellate Court reversed the jury verdict for the plaintiff and concluded that the injury could have occurred without any failure of the intercom system and that, "as a matter of law, the jury could not reasonably have found that the assault on the plaintiff and the resultant injury were within the foreseeable scope of risk created by the defendants' failure to maintain the intercom system. Therefore, the plaintiff failed to establish the necessary causal relationship." Id., 18.
In the present case, there is no evidence that any of the security measures in place were defective. The plaintiff offers as evidence the deposition testimony of Officer Scott Bertrand to support the contention that there was inadequate security at the complex. He states, however, that the main complaint with regard to security concerned "people who come onto the property that aren't necessarily guests or residents. . . ." (Plaintiff's Exhibit C, Deposition of Officer Scott Bertrand, June 21, 2001, p. 122.) It stands to reason that there is nothing the MHA could have done to prevent the random assault on the plaintiff by someone who was a guest of a lawful tenant. Moreover, this incident still could have occurred even if Elizabeth Rivera was an authorized resident at the complex, as she had no criminal record or history of criminal behavior, and never had a problem with anyone in the complex before the incident in question. See Plaintiff's Exhibit A. The MHA would have no reason to suspect this woman was a danger to the other tenants. As a matter of law, the court finds that no reasonable jury could find that the resultant injury was within the foreseeable scope of risk created by the defendants' alleged lack of heightened security and failure to address complaints with regard to unauthorized residents. Therefore, that the defendants motion for summary judgment with regard to count one is granted.
 II CT Page 10980
Count two of the complaint alleges that the defendants' negligence in maintaining adequate security and allowing unauthorized occupants to reside in the complex created a public nuisance. "A public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful; and (4) the condition or conduct complained of interferes with a right common to the general public." Keeney v. Old Saybrook,237 Conn. 135 162-63, 676 A.2d 795 (1996). There is no evidence to support the contention that the land in question was being used in an unlawful or unreasonable manner. Furthermore, "[n]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." (Internal quotation marks omitted.) Ganim v. Smith Wesson Corp., 258 Conn. 313, 369, 780 A.2d 98
(2001). The right the plaintiff asserts is not a right of the general public, but a right held only by those tenants living within this particular complex. Therefore, the motion for summary judgment as to count two is granted.
BY THE COURT
GILARDI, J. CT Page 10981