MEMORANDUM OF DECISION ON DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
WILSON, Judge.
The Plaintiff brought suit against the Defendant operator of the casino hotel alleging that he was assaulted and robbed while he was a guest at the hotel, and that his injuries were caused by the Defendant’s negligence in failing to provide proper security. The Defendant has moved for summary judgment. Because the court finds that there are issues of fact as to the nature and extent of the Defendant’s duties to the Plaintiff, and as to the *450 proximate cause of the Plaintiffs injuries, the motion is denied.
L
Facts and Claims of the Parties
The Plaintiffs complaint alleges that on February 17, 2004 he was a paid registered guest and business invitee at the Mohegan Sun Casino and Hotel, controlled, operated, and maintained by the Defendant, and that the Defendant was obligated to take reasonable efforts to provide for the Plaintiffs safety. He asserted that he was registered in a “Sky Suite” on the 30th floor of the Hotel and that such “Sky Suites” (those above the 26th floor) had separate elevators with appropriate security for such “YIP Guests.” The Plaintiff also claims that the Defendant knew or should have known that patrons such as the Plaintiff are at risk to be victims of assault and robbery because they often have large sums of cash and that they have been provided with complimentary alcohol. He also claims that the Casino and Hotel was the site of unlawful conduct including assaults, etc., and that it was reasonably foreseeable that a patron would be assaulted.
Plaintiff goes on to allege that on the night in question, he was returning to his suite when he was assaulted and robbed by a person who was not a registered guest, and that he suffered various injuries and loses.
Plaintiff alleges that his injuries and losses were proximately caused by the negligence of the Defendant in several respects, all relating to various failures of the Defendant to provide proper security. In this case the Defendant has not filed an answer to the complaint. But even if the court were to assume that the Defendant were to deny the operative provisions of the complaint, nevertheless, in deciding a Motion for Summary Judgment the trial court must view the evidence in the light most favorable to the Plaintiff, and the Defendant has the burden of showing the absence of any genuine issue of material fact. Monk v. Temple George Associates, LLC, 273 Conn. 108, 114, 869 A.2d 179, 184 (2005).
The Defendant has moved for summary judgment on the ground that there are no genuine issues of material fact in that the Defendant did not owe a legal duty to the Plaintiff as his injuries were not reasonably foreseeable; and that any of the Defendant’s alleged acts or omissions were not the proximate cause of the Plaintiffs injuries.
In its memorandum and affidavits in support of its motion the Defendant claims that it owed no duty to the Plaintiff because the general nature of the Plaintiffs injuries was not foreseeable and public policy considerations weigh heavily against imposing any such duty. The Defendant claims that it is not foreseeable that a patron would be assaulted while entering his guest room and that there had been no previous assaults or crimes.
The Defendant further argues that even if there were such a general duty, it did not extend to the particular circumstances here. In this regard the Defendant invites the court to “take judicial notice that there is no standard practice or procedure in the hotel industry which requires individuals to present a key or card to security personnel before entering an elevator. Hotels across the nation do not and have not required individuals to present a key or card to security personnel before entering an elevator.” Because the Plaintiff has alleged, and submitted some evidence to support, a more particular practice in this case, i.e., additional, or extra security for particular suites in this particular hotel, the Court declines to take any *451 such judicial notice. “Courts are not bound to take judicial notice of matters of fact. It is a discretionary function dependent on the nature of the subject mater, issues involved, and the apparent justice of the case.” Tait and Prescott, Tait's Handbook of Connecticut Evidence 93 (4th Ed.2008). The security practice or procedure of the Defendant at the “Sky Suites” above the 26th floor at the Mohegan Sun Casino Hotel is not a matter “within the knowledge of people generally in the ordinary course of human experience”; Ibid.; and therefore the Court will not take judicial notice of any such practice or procedure or absence thereof.
The Defendant finally argues that “the Plaintiff was simply a victim of a random crime and that the acts omissions of the Defendant were not the proximate cause of the Plaintiffs injuries.”
The affidavits submitted by the Defendant in support of its motion assert that the assault on the Plaintiff is the only incident of this nature that has been reported and that the Defendant had no knowledge of any other instances of such an assault; that the average daily patron count at the casino in February 2004 was 32,744, and the average daily hotel guest count at the hotel for February 2004 was 3,315; that the Defendant did not have any information that the Plaintiffs assailant was a suspect in any other assault at the casino; that on the evening in question the Defendant had five security officers and a supervisor'- working in the hotel; that the practice at the nearby Foxwoods Casino is not to check individuals for room key cards or ask if individuals are hotel guests as they enter hotel elevators; and that there are 37 floors in the hotel, of which 31 are occupied by guests, 71 bathrooms in the casino and related facilities, excluding the hotel, four parking garages, and seven parking lots.
The Defendant also submitted the Plaintiffs deposition testimony in which the Plaintiff described his version of the events.
Based on this evidence the Defendant argues that the assault on the Plaintiff was not foreseeable and that therefore the Defendant owed no duty to the Plaintiff; and that even if the Defendant owed a duty to the Plaintiff no act or omission of the Defendant was a proximate cause of the Plaintiffs injury. In support of it’s first argument the Defendant cites, inter alia, Jaworski v. Kiernan, 241 Conn. 399, 405, 696 A.2d 332 (1997); and in support of its argument that there is no issue of material fact as to proximate cause, Paige v. St. Andrew’s Roman Catholic Church, Corp., 250 Conn. at 25, 734 A.2d 85, and Medcalf v. Washington Heights Condominium Assn., 57 Conn.App. 12, 16-17, 747 A.2d 532, cert. denied, 253 Conn. 923, 754 A.2d 797 (2000).
In his opposition to the Motion for Summary Judgment, the Plaintiff has submitted his own deposition testimony and affidavit; an affidavit of Detective Paul Mackowski of the Medford Police Department, Massachusetts, who assisted in the investigation into the assault and robbery of the Plaintiff, and who is also offered by the Plaintiff as an expert on security and safety; and a State of Connecticut Office of Legislative Research Report on “Casinos and Crime.”
Based on this evidence the Plaintiff argues that there are genuine issues of material fact and that the Defendant’s motion should be denied. The Plaintiff claims that the Defendant’s employees represented to him that the Plaintiffs suite on the 30th floor was known, as a “Sky Suite” for VIP’s and that there was additional security for such guests including limited access to the elevators which the Defendant failed to provide. The Plaintiff argues that *452 guests such as the Plaintiff often carry large sums of cash and are therefore known to be likely subjects for robbery. The Plaintiff submitted the affidavit report of an expert witness, Paul Mackowski, who asserted that the failure of the Defendant to provide proper security was a substantial factor in the assault on the Plaintiff. In support of his arguments the Plaintiff has cited Monk v. Temple George Associates, 273 Conn. 108, 869 A.2d 179 (2005), and Gratta v. Meridan Hotel Partners, Superior Court, J.D. New Haven, D.N. 020282841 S, Dec. 3, 2004.
J7.

Standard for Summary Judgment

This Court’s Rules of Civil Procedure provide for Summary Judgment similar to the Connecticut Rules of Civil Procedure § 49 reads as follows:
“ § 49. Summary Judgment ...
c. Proceedings on Motion. A motion for summary judgment shall be supported by such documents as may be appropriate including affidavits, depositions, disclosures, written admissions and like documents which show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The adverse party shall file opposing affidavits or other documentary evidence as provided in this rule within the time set forth in § 15d, setting forth specific facts showing that there is a material issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
d. Form of Affidavits. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testily to the matter stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto ...
g. Judgment. Judgment shall be rendered forthwith if the pleadings and any other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.”
The decisional law of the Connecticut Courts may be consulted in determining the appropriateness of a Summary Judgment in any particular case. See MTC § 3-52.
The Connecticut Supreme Court has spoken as follows:
“Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation ... [T]he conclusion of negligence is necessarily one of tact. Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. ... In the nature of the case no independent or documentary proof was available to make quite clear what the truth was and exclude any real doubt as to the actual factual situation. The situation was peculiarly one which required an evidentiary hearing for a trial of the issues of fact in which the trier would be called on to determine the credibility of witnesses and the weight to be give to their testimony. It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised.”
*453 Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198-199, 319 A.2d 403 (1972) (citations and internal quotation marks omitted.)
In deciding a Motion for Summary Judgment, this court must view the evidence in the light most favorable to the Plaintiff. The Defendant here has the burden of showing the absence of any genuine issue of material feet and that it is entitled to judgment as a matter of law. Monk v. Temple George Associates, LLC, 273 Conn. 108, 114, 869 A.2d 179, 184 (2005).
III.

Whether the Defendant Owed the Plaintiff a Duty of Care

The Defendant’s first argument is that because the attack was not foreseeable, the Defendant did not owe the Plaintiff a duty of care and that therefore, as a matter of law, the Defendant is not liable to the Plaintiff, citing, e.g., Jaworski v. Kiernan, supra. The court does not agree. In the first place, because the Plaintiff was a registered guest at the Defendant’s hotel, he was a business invitee, to whom the Defendant owed the duty of exercising reasonable care. E.g., Esposito v. Hospital of St. Raphael, 142 Conn. 95, 111 A.2d 545 (1955). Above and beyond this general duty the Defendant owed the more specific duty (viewing the evidence in the light most favorable to the Plaintiff) of providing additional security for the “Sky Suites.” While the Court agrees with the Defendant that foreseeability is part of the test for determining legal duty, in this case, as in Monk, “it seems quite foreseeable that, under these circumstances, an attack on a patron of the premises could occur, whether spontaneously or as [as occurred in Monk] precipitated by an argument at one of the neighboring night clubs.” Monk, 273 Conn. at 115, 869 A.2d 179 (Emphasis in original.)
Further, as in Monk, the Plaintiff has submitted the report of an expert concluding that providing proper security “would have decreased the likelihood that such an attack would occur.” Ibid.
Further, as in Monk, the Court concludes that imposing a duty of care on the Defendants is not inconsistent with public policy. Indeed, the public policy factor is arguably stronger in this case than in Monk, because here the Plaintiff was not only a business invitee to whom the Defendant owed a duty of reasonable care; the Defendant also had, under the Plaintiffs offer of proof, constructive notice that the Plaintiff could have been carrying a large sum of cash; and the Defendant had also assured the Plaintiff that there would be additional security for him and other guests of the VIP “Sky Suites.”
With respect to this latter allegation (which the Court will accept, for purposes of this motion, in the light most favorable to the Plaintiff) the Court takes note of the contentions of the parties regarding the Plaintiffs deposition testimony, vis a vis his affidavit.
The Defendant contends that the Plaintiffs affidavit (submitted by the Plaintiff in opposition to Defendant’s Motion for Summary Judgment) contradicts the Plaintiffs deposition testimony (which both parties submitted with their briefs on the Defendant’s Motion); and that, under the authority of Buttry v. General Signal Corp. 68 F.3d 1488, 1493 (2d Cir.1995), the affidavit should be disregarded by this Court. After complete review of the Plaintiffs deposition and his affidavit, the Court finds that the affidavit does not contradict the deposition. In both the affidavit and the deposition, the Plaintiff asserts that he was “told” or “advised” by the Defendant’s agents that there was “ad *454 ditional” or “extra” security for the “Sky Suites,” that is the suites above the 26th floor where the Plaintiff was staying; and that “only patrons who are staying on those floors,” or “only hotel guests” would have access thereto. (Deposition p. 17; affidavit January 24, 2008). True it is that the deposition goes on to state that “However, I don’t find that to be true anymore. And now, I find that when I swipe my card, and I found out the hard way, anybody who is now on the elevator with me has access to my floor.” (Deposition p. 18). The Court interprets this to mean that after the assault the Plaintiff came to realize that the security was not what he previously believed it to be. The affidavit is not contradictory to this. The Plaintiff also testified in his deposition (p. 19) that on the six or so occasions that he had used the elevator prior to the assault he was not asked for any identification. Although this may be fertile ground for cross-examination of the Plaintiff as to the credibility of the assertion that he was told that there was extra security, and as to the reasonableness of any reliance he may have placed on any such security, it is not contradicted by this affidavit.
The affidavits submitted by the Defendant have also been examined. They do not contradict the Plaintiffs claim that there was extra security.
Finally, this Court agrees with the Monk Court that the totality of circumstances rule, is “most consistent with the public policy goals of our legal system, as well as the general tenor of our jurisprudence,” and that under this rule “the fact, therefore, that there is no evidence of a prior similar incident on the Defendant’s premises, although significant to foreseeability, is not dispositive.” 273 Conn. at 121, 869 A.2d 179. The extent to which a criminal act was reasonably foreseeable in this case is a question of facts and circumstances, and the Defendant is not entitled to Summary Judgment on this ground.
IY.

Whether There is a Genuine Issue of Material Fact Respecting the Issue of Causation

The Defendant argues that the Plaintiff was the victim on an unforeseeable random act of theft and violence and that his injuries were caused by the criminal acts of Robert Joyce, the individual arrested for the assault of the Plaintiff. The Defendant claims that therefore, the Plaintiffs injuries were not proximately caused by any acts or omissions of the Defendant and that the Defendant is entitled to Summary Judgment. The Court does not agree.
Here, as in Monk, “The relevant question is whether, assuming a breach of duty on the part of the Defendant, a fact finder reasonably could find that the Defendants’ conduct was a proximate cause of the attack on the Plaintiff.” 273 Conn. at 124, 869 A.2d 179. (Emphasis in original.) The Monk Court rejected arguments very like the defendant’s arguments here, including the argument that the attack was intentional and therefore constituted an intervening cause, and the argument that there was no notice of any prior similar attacks. Significantly, the Plaintiff here, as did the Plaintiff in Monk, proffered the report of an expert to the effect that the attack on the Plaintiff was both foreseeable and likely preventable. 273 Conn. at 123-124, 869 A.2d 179. An expert’s opinion is, for purposes of a Summary Judgment Motion, a “fact” that would be admissible at trial, assuming that the expert is qualified to render such an opinion. See Barrett v. Danbury Hospital, 232 Conn. 242, 251-252, 654 A.2d 748 (1995). Under these circumstances, a fact- *455 finder reasonably could find that the Defendant’s conduct was a proximate cause of the attack on the Plaintiff.
V.

Conclusion

Viewing the evidence in a light most favorable to the Plaintiff, it is concluded that there is a genuine issue of material fact as to the Defendant’s liability in the present case.
The Defendant’s Motion for Summary Judgment is denied.